STURGIS & BERRY, plaintiffs in error, *vs.* FRANCIS A. FROST, defendant in error.

1. The tenant is not obliged to replevy, disputing the rent by affidavit and giving security for the eventual condemnation money, and then wait for a judicial determination of the controversy, in order to entitle him to commence an action against the landlord for suing out a distress warrant maliciously, and without probable cause, and for having the same levied upon his goods.

2. Distress warrant, unresisted, is final process of itself: *34 Georgia Reports, 178.* After levy, it is more in the nature of a suit terminated than of a suit pending.

3. Where the warrant issues before the rent is due, on the ground that the tenant is seeking to remove his goods from the premises, can he replevy— *Quære ?* See Code, sections 2285, 4083 ; *23 Georgia Reports, 43.*

4. Damage to business, or the loss of profits, sustained after commencement of the suit, can form no part of the recovery.

5. The average profits which a tradesman was making when his entire stock was seized, may be considered in estimating his damage for the time, before suit, during which the stock was detained from him, and his business thereby wholly interrupted. Although the profits, as such, would not be

recoverable, yet their amount, as a fact, may be considered in estimating the magnitude of the alleged outrage by defendant.

6. Expenses of setting the stock aside as exempt under the homestead and exemption laws, are not recoverable as damages.

Landlord and tenant. *Torts.* Distress warrant. Damages. Before Judge CRAWFORD. Troup Superior Court. November Term, 1875.

Reported in the opinion.

W. W. TURNER; FERRELL & LONGLEY, for plaintiffs in error.

SPEER & SPEER; ALBERT H. COX, for defendant.

BLECKLEY, Judge.

A landlord sued out distress warrant against his tenants for rent, and had the same levied upon their goods. The affidavit upon which the warrant issued showed on its face that the rent was not due, but alleged that the tenants were seeking to remove their goods from the premises. The goods consisted of a stock in trade, and they remained some weeks in the custody of the sheriff, who advertised them for sale under the levy. The defendants procured them to be set apart by the ordinary as exempt property under the homestead and exemption laws, and the sheriff surrendered them as the result of that proceeding. Thereupon, the tenants commenced their action against the landlord for suing out the distress warrant maliciously and without probable cause, and for having the same levied, alleging in the declaration, that the landlord's affidavit, in so far as it charged them with seeking to remove their goods from the premises, was untrue; and making divers averments as to damages, etc.

At the trial, the presiding judge non-suited the plaintiffs, the ground of the motion for non-suit being that the action was prematurely brought, it not appearing that the distress warrant proceedings were at an end.

1. What proceedings are pending on the distress warrant? The record discloses none. The property seized has been claimed and surrendered. No second levy has been made, and the warrant, if still alive, has ceased to be active. The law makes no provision for contesting any distress warrant directly, except by replevying the goods : Code, section 4083. Where there are no goods to replevy, no contest is possible. If, therefore, all proceedings which have taken place on the distress warrant are not ended, there is no way to end them. They have reached a point where they must endure till time shall be no more, or until some new statute shall be passed to move them forward and terminate their existence.

But it is said that the tenants could have replevied, and, by affidavit, made an issue for trial by the proper court, and that not having done so while the levy was pending, they voluntarily waived their opportunity to lay a foundation for the present action.. If this argument were sound it would not prove that proceedings are still pending, but only that a certain possible proceeding never took place. But we cannot sanction the doctrine that if a landlord maliciously and without probable cause, levies a distress warrant upon his tenant he is forever secure against an action for damages, unless the tenant will contest his claim at the cost of giving security for the eventual condemnation money. The Code does not provide for litigating the warrant on any other terms. A mere affidavit disputing the rent will not do; the property must be replevied, and in order to replevy the eventual condemnation money must be secured. This being so, if the tenant is unable to give the security he is at the mercy of the landlord. However groundless the claim, the property must sell; and if it be true that no action for malicious and unfounded levy can be brought unless the sale is arrested, the tenant is without remedy. Such a rule of law as this would imply could gain recognition only by being vouched upon incontestible authority.

2. Distress warrant, considered as a suit, is both beginning and end. It is, of itself, final process, and has no pendency

The Dalton, etc., Railroad Company *et al. vs.* McDaniel *et al.*

in any court: 34 *Georgia Reports*, 178. It stands to a suit proper as a guerrilla to a regular soldier, or as a privateer to a ship of the line.

3. What has been said in reference to resisting a distress warrant by any means at all, even upon the hard condition of securing the creditor, applies to a warrant issuing for rent claimed to be due. The Code seems to provide literally for no other case. Its language is (section 4083,) "that the party distrained may in all cases replevy the property so distrained by making oath that the sum, or some part thereof, distrained for is not due, and give security for the eventual condemnation money," etc. The oath here prescribed would not fit a proceeding where the rent was avowedly not yet due. If the tenant had no point to make on the amount of the rent, but simply on the alleged purpose of removing his goods from the premises, could he vary the affidavit accordingly? In view of a decision of this court long ago made, excluding the defense of set-off because not covered by the verbiage of the statute, a doubt might well be entertained on this question : 23 *Georgia Reports*, 43.

4, 5, 6. The court made certain rulings upon the admissibility of testimony, which we dispose of as indicated in the head-notes.

We express no opinion on other elements of the case further than to say that we think the jury ought to have been allowed to pass upon the facts, under proper instructions from the bench as to the law.

Judgment reversed.