## MARABLE vs. MAYER, SON & COMPANY.

Where a declaration in an action for damages alleged that the defendants had held an unsatisfied claim against the plaintiff which he had given them mortgages to secure; that they had foreclosed their mortgages and caused the mortgaged property to be levied on; that they refused to grant further indulgence and thereby injured his business; and that the property had been sold; this was not a sufficient allegation, either of want of probable cause for the proceeding on the part of the defendants, or that the suit on which the action was founded had terminated in favor of the plaintiff in the present case; and for the want of these allegations, the declaration was demurrable.

(*a*) Malice may be inferred from the total want of probable cause; but a total want of probable cause cannot be inferred from the existence of the most express malice.

(*b*). Where a mortgage contained no stipulation for the granting of indulgence, and there was no allegation that it was left out in consequence of oversight, accident, mistake or fraud, or that there was any contemporaneous writing setting forth any agreement for indulgence, an allegation that the mortgage violated an agreement for indulgence entered into when the mortgage was executed, and in consideration of which it was executed, was not sufficient to maintain the action.

April 12, 1887.

Actions. Malicious Prosecution. Malicious Suit. Pleadings. Mortgages. Contracts. Before Judge BRANHAM. Floyd Superior Court. September Adjourned Term, 1886.

On March 16, 1886, Marable brought his action for damages against Mayer, Son & Company, alleging, in brief, as follows: The defendants held a mortgage against him, dated January 12, 1885. At that time, he had received

no goods from them and owed them nothing; but the mortgage and four notes, which it was given to secure, were to cover a prospective debt for purchases to be made. The plaintiff ordered, among other things, certain whiskey and brandy, which were to be pure and genuine ; but instead, defendants sent him impure and adulterated articles, for which he was overcharged, and which injured his sales as a saloon-keeper. He was afraid to return these goods lest he might displease the defendants and give them some shadow of excuse for pressing him in the dull season of the year. Afterwards Mayer desired the plaintiff to con-solidate several small notes, some not due, into one, and for this purpose plaintiff met him at his lawyer's office, where no one else was present, and was thus overawed and forced to sign a second mortgage, fearing that he might be pressed on the first if he refused. He was induced to sign by an assurance of indulgence on his debt, which was made fraudulently and with a deceitful purpose; and when defendants had obtained the second mortgage, they proceeded to foreclose both and caused levies to be made on plaintiff's stock of goods, which, with furniture and fixtures, were worth $3,000. Complainant endeavored to settle with defendants, knowing that if he could obtain time until fall, he could pay off the indebtedness. He made several efforts to do so, and offered for them to take so much of the goods as would pay their claim, but this was refused. After the sheriff took possession of the property, there were several other claims against him seeking to be satisfied out of the stock of goods, and an order had been granted by the ordinary to the sheriff to sell the goods on ten days' notice, but the defendants were so persistent in endeavoring to have the order revoked that the ordinary revoked it. Afterwards the goods were sold under an order of the judge of the superior court, but it was after much delay, during which storage charges had accumulated and the goods had de-

teriorated in value from improper storage. All of these acts were done maliciously and from ill-will and to embarrass the plaintiff and destroy his business, and not with a *bona fide* purpose of collecting their claim on the part of defendants. The property was brought to sale at a dull season and sacrificed.

The suit was dismissed on demurrer, and exception was taken.

HENRY WALKER, by brief, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, for defendants.

HALL, Justice.

In *Wilcox vs. McKenzie*, 75 *Ga.* 73, we held that an action to recover damages for suing out and levying an attachment, and for instituting proceedings to obtain and serving summons of garnishment, could not be maintained, without alleging and providing malice and want of probable cause, and in the absence of such proof, a nonsuit was properly awarded; and that actions for criminal prosecution and civil suits require substantially the same allegations and proof. The declaration in this case failed to allege either a want of probable cause or that the suit on which the action was founded had terminated in favor of the plaintiff. For want of such allegation, it was demurrable, because it set out no cause of action; and the court committed no error in sustaining the defendant's demurrer thereto and dismissing the suit. Code, §2982. It is essential to allege circumstances sufficient to satisfy a reasonable man that the plaintiff in the original suit had no ground for proceeding but his desire to injure the plaintiff in this action. The declaration shows that the defendants, who were plaintiffs in the original suit, held an unsatisfied claim against the plaintiff in this suit, which he had given them mortgages to secure; that they had fore-

closed their mortgages and caused the property so mortgaged to be levied on; that they refused to grant further indulgence, and thereby injured his business. There is no allegation that that suit was at an end, otherwise than such as may be inferred from the statement that the property had been sold, and if that is to be deemed a termination of the suit, then it ended unfavorably to the plaintiff; nor is there any averment that the plaintiff had suffered other damage than was likely to ensue from the execution of the process against his property and the sale of the same under the levy at the time such sale was made. That these allegations as made are, without more, insufficient to maintain the action, see code, §2983.

Malice may be inferred from the total want of probable cause; but *e converso*, a total want of probable cause cannot be inferred from the existence of the most express malice. The original suit must be ended favorably to the plaintiff before the right of action accrues. Code, §§2987, 2989, and citations under each; *Cook vs. Walker*, 30 *Ga.* 519; *Ventress vs. Rosser*, 73 *Ga.* 535 (h. n. 3), 540, 541.

If it be insisted that the breach of the agreement alleged to have been entered into by the parties when the second mortgage was executed (viz. to give indulgence to the plaintiff, and in consideration of the indulgence, that the mortgage was in fact executed,) will maintain this action, then it is sufficient to reply that the mortgage contains no such stipulation; and there is no allegation that it was left out of the conveyance in consequence of oversight, accident, mistake or fraud. Parol evidence would not be admissible to supply the omission of such a condition, except upon one of the foregoing grounds. Without more, it would seem that a resort to such evidence would be indispensable in order to show this state of facts, unless some contemporaneous writing setting forth the agreement should be alleged; but as there is no direct averment of these facts, or any other from which they can be legiti.

mately inferred, the declaration is in this respect fatally defective.

Judgment affirmed.