HYFIELD v. THE BASS FURNACE COMPANY.

A declaration alleging that defendant was indebted to plaintiff an amount stated "on an account for expenses incurred by him in defence of a suit brought by defendant against him without cause, a copy of which account is hereto attached and made a part of this petition," sets forth no cause of action, there being no description whatever of the suit, no allegation that it was brought maliciously, and none that it had terminated in favor of the present plaintiff. An amendment seeking to remove the first two of these defects was properly rejected, because if this amendment had been allowed the declaration would still have been fatally defective in the third respect indicated. It follows that the court was right in sustaining a demurrer to the declaration and in dismissing the same. *Marable* v. *Mayer*, 78 *Ga.* 710; *Ellison* v. *Georgia R. R.*, 87 *Ga.* 692.          *Judgment affirmed.*

August 27, 1892.

Amendment. Malicious suit. Before Judge MADDOX. Floyd superior court. September term, 1891.

Attachment in favor of Hyfield against the Bass Furnace Company, a foreign corporation, was sued out on February 12, 1890, and was levied. The plaintiff filed his declaration alleging that the corporation was indebted to him $150, besides interest, "on an account for expenses incurred by him in defence of a suit brought by said Bass Furnace Company against your petitioner without cause, a copy of which account is hereto attached and made a part of this petition." The account contains a number of items, consisting of traveling expenses, hotel and livery bills, and a fee paid to counsel for defending the suit of the furnace company against the plaintiff. The court sustained an oral demurrer to the declaration, on the ground that it set forth no sufficient cause of action, and also sustained an objection to the allowance of an amendment thereto, for the same reason, to which rulings the plaintiff excepted. The amendment alleged that the action brought by the corporation against the plaintiff was brought against him maliciously; that there was no cause whatever and no probable cause for bringing said action; and that the mortgage which it sought to foreclose against the plaintiff was settled by him in full, and it then agreed not to proceed against him in said action, but afterwards filed in the superior court a petition to foreclose the mortgage, had him served with a copy and caused him the unnecessary trouble and expense shown in his declaration and exhibit in defending said action.

The plaintiff's contentions are, that he was not required to set out malice, nor to allege that the defendant had maliciously brought its action against him, but that having alleged want of any cause in bringing the action, this was synonymous with the allegation that it was maliciously brought, and such allegation would have been superfluous; that there was sufficient to

amend by, and the description of the suit brought by the defendant against him was an exhibit which could be supplied at any time; and that it was error to refuse to allow the amendment, because a declaration in attachment requires no service, but only filing, and the defendant having filed no plea nor any written demurrer, the attachment would support any kind of amendment.

WRIGHT & HARRIS, for plaintiff.

DABNEY & FOUCHÉ, for defendant.