## McDaniel *v.* Nelms.

1. The plaintiff's declaration disclosing that if he had any legal cause of complaint whatever against the defendant, it was for a malicious prosecution, and there being no allegation that the alleged malicious prosecution was ended before the plaintiff's suit was brought, a demurrer to the declaration was properly sustained.
2. There was no error in rejecting the proposed amendments, nor in dismissing the plaintiff's action.

July 8, 1895.

Action for damages.    Before Judge Lumpkin.    Fulton superior court.    September term, 1894.

The declaration alleges, that on July 7, 1892, Nelms made affidavit and caused to be issued a peace warrant against petitioner, which was placed in the hands of Mauldin to execute; whereupon Mauldin took petitioner in his custody.   By consent petitioner was allowed to go for two days without trial and without bond, upon his verbal promise to return to the "court" on the —— day of July.   On that day, according to promise, he did return there; whereupon the court postponed the hearing without fixing any day for the future hearing of the case; and upon such action by the court, Nelms being there and directing and controlling the matter, Mauldin went with petitioner to Atlanta to confer with petitioner's attorney.    Arriving in Atlanta they went to the attorney's office, but he was not in, and then Mauldin directed petitioner to go with him to another place.   Petitioner went with him and they arrived at the police headquarters of Atlanta, where petitioner was placed in charge of the police, put in a cell and locked up, and Mauldin went away and left him thus in prison without any order of court for commitment, without any hearing or trial, without any authority whatever, and without any cause for such arrest and imprisonment.   He was so kept in prison six or seven hours, without food, without attention, and unlawfully.   There was no cause for Nelms to have petitioner arrested under a peace warrant, as petitioner had done nothing to cause such arrest and had not done or said anything to Nelms to cause any fear, or to give him probable cause for any fear of petitioner; and the act of Nelms was malicious and without cause or provocation, in putting in motion any such warrant, and resulted in the false imprisonment of petitioner to his damage in a sum stated.

For the other facts see the opinion.

ROBERT L. RODGERS, for plaintiff.

LUMPKIN, Justice.

1. Section 2989 of the code expressly declares that before a right of action for a malicious prosecution accrues, the prosecution must be ended. The cause of action which the plaintiff's declaration attempts to set forth is, in effect, neither more nor less than an alleged malicious prosecution instituted by the defendant against the plaintiff; and the declaration fails in legal completeness, because it does not aver that the alleged malicious prosecution was ended before the plaintiff's suit was brought. Therefore, the declaration was demurrable; or, what amounts to the same thing, insufficient to withstand a general motion to dismiss upon the ground that it did not set forth a cause of action.

2. After a motion of this kind had been made, "the court ruled in favor of the movant." The plaintiff's attorney then proposed orally to amend the petition "so as to allege more specifically and in detail that the case was for a malicious use of the process of peace warrant, and for a malicious prosecution of the same." The court refused to allow the amendment thus proposed, and the plaintiff's counsel then stated orally "that he would amend and allege more fully that there was a malicious prosecution," to which "the court replied, that would not relieve the trouble."

In strict practice, the proposed amendments ought to have been reduced to writing and submitted to the court; but even if this had been done, the court would have been right in rejecting the same. If the purpose of the first offer to amend was to convert the plaintiff's action for a malicious prosecution into one for the malicious use of the peace warrant in question, it is, at best, exceedingly doubtful whether this would have been allowable. Seemingly, so doing would have been to

change the entire character of the case and introduce a new and distinct cause of complaint.

While an action for a malicious prosecution, and an action for the malicious use or abuse of judicial process, are of a similar or kindred nature, there are essential differences between them.    The distinctions between the two are, to some extent, indicated in the opinion of Chief Justice SIMMONS, in *Porter et al.* v. *Johnson, adm'x,* 96 *Ga.* 145, 23 S. E. Rep. 123, and in Bishop on Non-Contract Law, §490; 1 Hilliard on Torts (3d ed.), 451–2; and 2 Addison on Torts, §868.    And see also 1 Am. & Eng. Enc. of Law, p. 49; Cooley on Torts, pp. 220, 221.

If the object sought to be accomplished was to unite with the claim for damages arising from the alleged malicious prosecution another claim for damages predicated upon an unlawful and unwarranted use of the process referred to in the declaration, it is also quite doubtful whether, in any event, this could be appropriately done in one and the same count.

But passing these questions by, without undertaking to definitely decide them at this time, the court was, in our judgment, fully warranted in rejecting the amendment first proposed.    Treating it as if it had been reduced to writing, it was too vague, uncertain and indefinite for serious consideration.    It did not allege a single fact, nor even in the remotest manner suggest how the process in question was maliciously used, or abused. It presented no issue whatever to be met or answered by the defendant, and would have added nothing tangible or of any value to the declaration.

The second offer to amend by alleging more fully that there was a malicious prosecution, is obviously subject to the same criticism; and, moreover, would not, if allowed, have cured the radical defect already pointed out in the first division of this opinion, viz: the failure to aver that the prosecution had finally terminated before the plaintiff's declaration was filed.          *Judgment affirmed.*