## 850. CLEMENT *v.* ORR *et al.*

A suit to recover damages for the malicious use of legal process in suing out and levying a distress warrant can not be maintained without proof of malice and want of probable cause; and it is essential that the petition to recover damages in such case should allege that the distress-warrant proceedings had terminated in favor of the defendant therein before his action for damages was filed.

Action for damages, from city court of Atlanta—Judge Reid. November 9, 1907.

Argued January 22,—Decided March 30, 1908.

*Edgar Latham,* for plaintiff.    *C. B. Reynolds,* for defendants.

HILL, C. J. Clement brought suit to recover damages from Orr and others, for malicious use of civil process. The allegations of his petition are, substantially, that he was a tenant of the defendant Orr, renting a house from him by the month, the rent payable in advance; that the defendant Thrower acted as agent for the defendant Orr, in renting the house to him; that before the rent was due, Thrower, as agent for Orr, had an employee in his office, the defendant Whitten, to sue out a dispossessory warrant for the premises, and a distress warrant for the rent of the premises; and that these warrants were executed by the defendant Lancaster, a constable of the justice of the peace who issued the warrants. It is alleged that the warrants were executed at 6 o'clock p. m., when the defendants knew that the plaintiff would be absent from home,

and that the seizure thereunder was made on certain personal property contained in the house, and the property was taken by the levying officer to the justice's court from which the distress warrant issued; that the plaintiff's wife and two small children were alone at the house at the time, and were greatly frightened by the seizure, and that the plaintiff himself (who was living in a populous part of the city of Atlanta) was greatly humiliated by the seizure and removal of his property. It is alleged that these acts were in furtherance of a conspiracy, into which all of the defendants had entered, to humiliate the plaintiff, and that this possessory warrant and the distress warrant had both been instituted maliciously and without probable cause. Suit is brought for actual damages, being the amount of expenses incurred by the plaintiff in paying a lawyer to resist the civil proceedings and damage to his personal property by the seizure and removal thereof,—these two items alleged to be $50; also punitive and vindictive damages in the sum of $5,000. A general and a special demurrer were filed to the petition, and the court sustained the former and dismissed the petition; and on this judgment error is assigned.

The controlling question in the case is, whether the suit for damages is based on a malicious use of civil process, or a malicious abuse of civil process. If the suit was a malicious use of civil process, it is well settled that the plaintiff must allege three things: (1) that the suit against him was malicious; (2) that it was without probable cause; and (3) that it had terminated in his favor before the suit for damages was filed. If, however, the suit is for malicious abuse of civil process, these allegations are not necessary. Newell, in his work on Malicious Prosecution, gives the following distinction between the malicious use and the malicious abuse of legal process: "An abuse of legal process is where the party employs it for some unlawful object, not for the purpose which it is intended by law to effect; in other words, it is a perversion of it. For example, if a man is arrested, or his property seized, in order to extort money from him, even though it be to pay a just claim, other than that in suit, or to compel him to give up possession of a deed or anything of value not the legal object of the process, it is settled there is an action for such malicious abuse of process. It is not necessary to prove that the action in which the process issued has been determined, or to aver

that it was sued out without probable cause. On the other hand, legal process, civil or criminal, may be maliciously used so as to give rise to a cause of action, where no object is contemplated to be gained by it other than its proper effect and execution. As every man has a legal right to prosecute his claims in a court of law and justice, no matter by what motives of malice he may be actuated in doing so, it is necessary to aver and prove that he has acted not only maliciously but without reasonable or probable cause. It is clearly settled in this form of action that the proceeding in which it is claimed the process has been maliciously used must have been determined before any action for the injury lies. Newell on Malicious Prosecution, §7. This distinction was recognized by the Supreme Court in *Mullins* v. *Matthews, 122 Ga.* 289 (50 S. E. 101), and in cases cited in that decision. In that case the court holds that "it is a well-established rule that an action for damages for the malicious abuse of legal process may be maintained before the action in which such process was issued is terminated" (citing 19 Am. & Eng. Enc. Law (2d ed.), 632, and *Montague* v. *Cummings, 119 Ga.* 141, 45 S. E. 979), but that a "different rule applies in an action for malicious use of legal process. . . In such case it is necessary to allege malice, want of probable cause, and that the action on which the process issued has been finally determined in favor of the defendant therein." In an action of the former kind the gravamen of the action is the fraud, the abuse; and in the latter, the malice and the want of probable cause. *Juchter* v. *Boehm, 67 Ga.* 538.

The Supreme Court has held, in several cases, that an action to recover damages for suing out and levying an attachment, and for instituting proceedings to obtain and serving summons of garnishment could not be maintained without proof of malice and want of probable cause. *Sledge* v. *McLaren, 29 Ga.* 64; *Wilcox* v. *McKenzie, 75 Ga.* 73. Chief Justice Simmons, in *Porter* v. *Johnson, 96 Ga.* 148 (23 S. E. 124), uses this language: "So far as I know, no respectable court in this country has ever held that an action will lie against a person for having brought an action against another, unless he did so with malice and without probable cause." "Actions for criminal prosecution and civil suits require substantially the same essentials." *Wilcox* v. *McKenzie,* supra. In a suit to recover damages alleged to have been sustained in con-

sequence of malicious use of process in a civil case, it is necessary to allege and prove want of probable cause and malice, and that the suit out of which the action for damages arises has been determined in favor of the defendant in that suit. Civil Code, § 3850; *Marable* v. *Mayer,* 78 *Ga.* 710 (13 S. E. 429); *Hyfield* v. *Bass Furnace Co.,* 89 *Ga.* 827 (15 S. E. 752); *Fulton Grocery Co.* v. *Maddox,* 111 *Ga.* 260 (36 S. E. 647). We think the allegations of the petition in the instant case constitute an action for the malicious use of legal process. The suing out of the distress warrant and the dispossessory warrant were the legal means provided for the collection of rent which was due, and the dispossession of the tenant holding over. It is not alleged that the officer executing the distress warrant seized any property other than that belonging to the defendant or tenant, or seized more than was necessary to make the debt distrained for; and, in the execution of the dispossessory warrant, no other than the tenant holding over was notified by the officer. The plaintiff, in his petition, seems to recognize that his suit was for the malicious use of legal process, for he alleges that the use of such process was malicious and without probable cause; but he fails to allege that distress-warrant proceedings had been terminated in his favor before this suit was brought. This latter allegation is absolutely essential, and the trial judge was right in sustaining the demurrer and dismissing the petition.

*Judgment affirmed.*