### 1635. McSWAIN *v.* EDGE.

1. A petition which shows that a landlord maliciously and for the purpose of injuring and damaging his tenant, whose term had not expired and whose rent was not in default, sued out a dispossessory warrant and caused the tenant to be evicted, sets forth a valid cause of action for the malicious use of civil process. When the eviction was completed, the action begun by the suing out of the dispossessory warrant was ipso facto ended; hence a right of action immediately accrued in favor of the injured tenant.
2. Where demurrers, both general and special, are filed to a petition, and the trial judge at one and the same time sustains all of the demurrers and dismisses the action, and it appears that the petition is not subject to the general demurrer, the judgment will be reversed. A peremptory judgment of dismissal is not the proper disposition of the case upon the sustaining of a special demurrer.

Action for damages, from city court of Columbus—Judge Tigner. January 5, 1909.

Submitted February 25,—Decided March 23, 1909.

*D. L. Parmer,* for plaintiff.   *S. B. Hatcher,* for defendant.

POWELL, J.  This case comes up on an exception to the sus-- taining of a demurrer to the plaintiff's petition.  Omitting formal and immaterial allegations, the petition sets up, that the plaintiff had rented from the defendant a dwelling-house in the city of Columbus; that her term had not expired and she was not in de-- fault with rent, when, on November 3, 1907, she was forcibly evicted from the house by a lawful constable of the county, upon a dispossessory warrant sued out by the defendant before a justice of the peace, the defendant claiming that she owed him a small amount of rent.  It is further alleged, that the defendant's claim that the rent was due was untrue, and that the warrant. was sworn out and served maliciously and for the purpose of injuring and damaging the plaintiff; that at the time she was evicted suitable houses were scarce, and she was put to great trouble and expense in securing one; that she was left houseless until eleven o'clock at night on the day of the eviction, and, on account of the exposure thus incurred, she suffered bodily pain and contracted cold, from which an illness ensued, with which she was still suffering at the time of bringing suit.

1. The general demurrer specifies, as the particular reasons why no cause of action is set forth, that there is no averment. that the defendant acted maliciously and without probable cause; also that it is not alleged that the suit instituted by the defendant against the plaintiff had terminated.  The action is based on the malicious use of civil process.  In such cases it must appear that the former action was prosecuted maliciously and without probable cause, and that it is no longer pending.  We think that all three of these elements appear from the present petition.  The allegation that the dispossessory warrant was maliciously sworn out is directly and unequivocally made.  From the alleged facts. that the plaintiff was a tenant, that her term had not expired, and that her rents were paid, it prima facie appears that the warrant was prosecuted without probable cause.  Since it further appears that the warrant was executed and the eviction completed, it follows that the action begun under it is no longer pending; for after eviction there is no way provided by law for arresting the process or for converting it into mesne process, or for the

forming of an issue thereon otherwise. *Sturgis* v. *Frost, 56 Ga.*
*188; Crusselle* v. *Pugh, 71 Ga. 744.* The case of *Sturgis* v. *Frost*
is on all-fours with the present one. The case of *Clements* v.
*Orr, 4 Ga. App.* 117 (60 S. E. 1017), is distinguishable from
the one sub judice by reason of the fact that the distress warrant,
for the suing out of which that suit was instituted, had been con-
verted into mesne process by the filing of the statutory counter-
affidavit, and it did not appear that the issue thus formed had
ever terminated. In the present instance no such issue had been
formed, and all the reasoning of Judge Bleckley in the case in 56
*Ga.* is applicable. It therefore follows that the judge erred in
sustaining the general demurrer.

2   Where a court at one and the same time passes upon a.
demurrer containing both general and special grounds, and sus-
tains the demurrer and dismisses the action, without giving the
plaintiff opportunity to amend, the judgment will be reversed if
it appears that the general demurrer was improperly sustained.
The proper judgment on a special demurrer, going only to the.
meagerness of the allegations, is not a peremptory judgment of
dismissal of the action, but a judgment requiring the plaintiff
to amend and to make his petition more certain in the particulars.
wherein he has been delinquent; and then if he refuses to amend,.
the petition may be dismissed, if the delinquency relates to the
entire cause of action. However, if the special demurrer goes
only to some particular part of the petition, without which a
valid cause of action would still be set forth, the result of finally
sustaining the special demurrer would be, not to dismiss the ac-
tion, but to strike the defective portion. This is also the proper
course where the special demurrer attacks some particular por-
tion of the pleading for irrelevancy or impertinence. For ex-
ample, in the present case there was a special demurrer to the
third and fourth paragraphs of the plaintiff's petition, in which
it was alleged that the defendant had previously sworn out another
dispossessory warrant, and had failed to have it executed, and
the special demurrer was to the irrelevancy and impertinence
of this allegation. Let it be admitted, for the sake of argument,.
that this special demurrer was well taken, yet a judgment dis-
missing the entire petition should not follow; only these para-
graphs should be ordered stricken. As a matter of fact, however,.

in the present case the contents of the paragraphs of the petition thus attacked, when considered in connection with the other allegations of the petition, were not irrelevant, being properly alleged by way of inducement and aggravation of the specific cause of action declared upon. Indeed, we find only one of the special demurrers well taken,—the one in which the insistence is made that the nature of the rent contract and its terms and expiration are not distinctly set forth. Direction is given that the court require the plaintiff to make the allegation specific and definite in this respect.            *Judgment reversed, with direction.*