## KING v. YARBRAY.

1. There is a malicious abuse of legal process where a party employs civil process wrongfully and unlawfully and for a purpose not intended by law, and for such abuse of civil process an action will lie. Such a case is made by the petition.

2. In an action for abuse of civil process, where all the facts upon which the action is based are fully pleaded, it is proper to allow an amendment declaring that the act of the defendant in the wrongful institution and prosecution of the civil process as therein alleged was malicious and without probable cause.

APRIL 14, 1911.

Abuse of legal process.   Before Judge Pendleton.   Fulton superior court:   June 3, 1910.

*Walter A. Sims,* for plaintiff in error.

*Heyward & Garrett* and *T. C. Battle,* contra.

EVANS, P. J.   Yarbray sued King to recover damages, alleging, that King sued him in a justice court and caused a summons of garnishment to be served on his employer; that before the suit was brought the plaintiff informed King, who was threatening to sue him and garnish his wages, that his wages as a locomotive engineer were not subject to process of garnishment, but that his employer (a railroad company) would suspend him until the debt upon which the garnishment issued was paid if he was garnished; whereupon King replied that he was well aware of the rule of his employer that an employee would be suspended in case his wages were garnished until he paid the debt, but that he wanted his money, and, unless the debt was paid by a stated time, he would bring suit and garnish the plaintiff's employer.   The plaintiff alleged that he could not pay the debt by the stipulated time, and that the defendant sued him and garnished his employer, who suspended plaintiff from work, and as he was unable to pay the debt he lost his job and was compelled to go through bankruptcy.   At the time of his suspension the plaintiff was earning $105 per month, and was discharged from his employment solely because of the legal proceedings of the defendant.   The institution of the garnishment proceeding was alleged to be an abuse of legal process.   The plaintiff was allowed to amend his petition, over the objection of the defendant, by alleging that the institution of the garnishment proceedings was done maliciously and without probable cause.   The defendant demurred to the sufficiency of the petition, and his demurrer was

overruled. The exceptions are to the allowance of the amendment and to the overruling of the demurrer.

The plaintiff's claim for damages is predicated upon an alleged wrongful use of legal proceedings, and the main point of difference between the parties is their characterization of the nature of the suit. The plaintiff alleges that his suit is for malicious abuse of legal process, and the defendant contends that the allegations of fact in the petition show an attempt to recover because of a malicious use of legal process. The differentiation between an action for malicious abuse of legal process and one for malicious use of legal process, however refined and technical, is recognized by the law. An action for malicious abuse of legal process may be maintained before the action in which such process was issued has terminated, but an action for the malicious use of legal process, where no object is contemplated to be gained by such use other than the proper effect and execution of the process, can not be commenced until the action on which the process issued has been finally determined in favor of the defendant therein. *Mullins* v. *Matthews,* 122 *Ga.* 286 (50 S. E. 101). It has been said that "an action for malicious abuse of legal process will lie where legal process has been employed for some other object than that which it was intended by law to effect; for example, where a man has been arrested or his goods seized in order to extort money from him, even though it be to pay a just claim other than the one in suit, or in order to compel him to give up possession of a deed, or other thing of value, not the legal object of the process. . . In such an action it is not necessary to allege want of probable cause. The malicious use of legal process may give rise to an action, where no object is contemplated to be gained by it other than its proper effect and execution." *Porter* v. *Johnson, 96 Ga.* 145 (23 S. E. 123) ; *Brantley* v. *Rhodes-Haverty Furniture Company, 131 Ga.* 276 (62 S. E. 222). The case as made by the petition is that the defendant knew that the plaintiff's wages as engineer were not subject to the process of garnishment, and that the garnishment proceeding was instituted maliciously and without probable cause and was not intended to collect wages exempt by law from such legal process. The monthly wages of a locomotive engineer in the employment of a railroad company are not subject to the process of garnishment. *Smith* v. *Walker, 119 Ga.* 615 (46 S. E. 831).

If the defendant maliciously and without probable cause employed the process of garnishment, not for the collection of the wages in the hands of the garnishee, but for an ulterior purpose, then he would be liable in an action for an abuse of legal process. The facts upon which the action rested were alleged in the original petition, and it was proper to allow an amendment denouncing the acts of the defendant in prosecuting the garnishment suit as being malicious and without probable cause.

*Judgment affirmed. All the Justices concur.*