## GRANT v. MOSS et al.

In an action for damages for malicious use of legal process, a demurrer on the grounds that the petition failed to allege want of probable cause, and did not allege that the action on which the process issued had been finally determined in favor of the defendant therein, was properly sustained.

NOVEMBER 15, 1916.

Action for damages. Before Judge Jones. Dawson superior court. August 3, 1915.

James Grant sued H. C. Moss and others to recover damages for malicious use of legal process. In substance the plaintiff alleged that he was a renter on the farm of Moss during the year 1913, and had made a rent contract for the same premises for the year 1914. The defendant "got mad at" the plaintiff, and entered into a conspiracy with Malinda Moss, his wife, to dispossess him. In January, 1914, the wife swore out a dispossessory warrant, and had the sheriff "to put all of his household goods out in the road, and out of the house," and "the said sheriff did, on the 10th day of January, 1914, dispossess your petitioner," etc. "In consequence of the wrongful acts of said Moss and his wife, petitioner was compelled to go and hunt him another home to live in, after he had done a lot of work on the home that he was expecting to live in;" and "in consequence of the wrongful acts of said Moss and his wife, petitioner was put to a lot of inconvenience and labor to find another home and farm for the year 1914." The plaintiff alleged that by reason of the wrongful acts aforesaid he was damaged in the sum of $500, detailing items of damage. He says that said acts were "wrongful and wicked;" also that said acts were "wilful and wicked and was known to said Moss at the time, and without any authority of law." It does not appear that the plaintiff filed any counter-affidavit or made any defense to the dispossessory warrant.

To the petition the defendants demurred on the grounds that "there is no allegation that the suing out and prosecuting of the said dispossessory warrant was without probable cause;" and that the petition does not allege that the case of Malinda Moss "has terminated favorably to the plaintiff." The court sustained the demurrer and dismissed the petition. The plaintiff excepted.

*Isaac Grant,* for plaintiff.

*A. W. Vandivere* and *O. J. Lilly,* for defendants.

GILBERT, J. (After stating the foregoing facts.) It will be observed that there was no allegation that the dispossessory warrant against the plaintiff in error was sued out with any ulterior motive, or that it was for a purpose which it is not intended by law to effect. It is true that the petition alleged that the suing out of the dispossessory warrant was wrongful and unlawful, wilful, wicked, and malicious. It is also alleged that H. C. Moss entered into a conspiracy with his wife, but the purpose of the conspiracy is alleged to have been to "dispossess your petitioner." The petition, therefore, attempts to state an action for malicious use of legal process, and it does not appear from the petition that the object contemplated to be gained by such proceeding was any other than the proper effect and execution of the process. "In such case it is necessary to allege malice, want of probable cause, and that the action on which the process issued has been finally determined in favor of the defendant therein." *Mullins* v. *Matthews,* 122 *Ga.* 286, 289 (50 S. E. 101), and authorities cited. The plaintiff made no defense to the dispossessory warrant. The petition failed to allege that the plaintiff had fulfilled his part of the rent contract. The petition also failed to allege want of probable cause, and that the action on which the process issued had been finally determined in favor of the defendant therein; and the demurrer was properly sustained.

*Judgment affirmed. All the Justices concur.*