### 8502. DAVIS *v.* HALL.

GEORGE, J. 1. An action for malicious abuse of legal process may be maintained before the action in which such process was issued has terminated. An action for malicious use of legal process, where no object is contemplated to be gained by such use other than the proper effect and execution of the process, can not be commenced until the cause of action in which the process issued has been finally determined in favor of the defendant therein. *Mullins* v. *Matthews,* 122 *Ga.* 286 (50 S. E. 101) ; *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131).

2. This action is for malicious use of legal process, and the demurrer to the petition, upon the ground, among others, that it was not alleged that the action upon which the process issued had been finally determined in favor of the defendant therein (the plaintiff in the present suit), was properly sustained. The decision in *Grant* v. *Moss,* 146 *Ga.* 87 (90 S. E. 109), controls this case.

3. The opinion in *McSwain* v. *Edge,* 6 *Ga. App.* 9, 10 (64 S. E. 116), characterizes that case as an action for malicious use of civil process. It is there held: "In such cases it must appear that the former action was prosecuted maliciously and without probable cause, and that it is no longer pending." The decision seems to overlook the necessary condition that the proceeding must not only have terminated, but terminated favorably to the defendant, before the action for the malicious use of civil process can be maintained. If that case conflicts with the decisions of the Supreme Court, supra, on the question here presented, this court is bound by the decisions of that court.

        *Judgment affirmed. Wade, C. J., and Luke, J., concur.*

        DECIDED JUNE 27, 1917.

Action for damages; from Laurens superior court—Judge Kent. January 23, 1917.

*G. H. Williams, W. T. Townsend,* for plaintiff.

*J. S. Adams,* for defendant.