9188.   GIBBS *v.* BANK OF TIFTON *et al.*

BROYLES, P. J.   1.  All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious, they are not libelous. Civil Code (1910), § 4438; *Wilson* v. *Sullivan,* 81 *Ga.*

238 (7 S. E. 274); *Bibb* v. *Crawford*, 6 *Ga: App.* 145 (64 S. E. 488).

(a) The averment in the petition, that the suits previously brought by the defendants against the plaintiff were not filed in a court of competent jurisdiction, is a mere conclusion of the pleader, not sustained by the facts alleged in his petition.

2. If the petition in this case be construed as an action to recover for libel and slander, then, under the authorities cited above, it set forth no cause of action, as the alleged acts and statements of the defendants, upon which the suit was based, were privileged communications.

3. If the petition be construed (as the plaintiff in error contends) as an action for damages "for the institution, continuation and prosecution of the groundless, false, and malicious suits brought without probable cause," there could be no recovery, since the petition failed to allege that the suits referred to had terminated in favor of the defendant therein. *Clement* v. *Orr*, 4 *Ga. App.* 117 (60 S. E. 1017); *Marable* v. *Mayer*, 78 *Ga.* 710 (3 S. E. 429); Newell on Malicious Prosecution, § 7; *Hyfield* v. *Bass Furnace Co.*, 89 *Ga.* 827 (15 S. E. 752); *McDaniel* v. *Nelms*, 96 *Ga.* 366 (23 S. E. 407); *Fulton Grocery Co.* v. *Maddox*, 111 *Ga.* 260 (36 S. E. 647).

4. Under the foregoing rulings and the facts of the case, the court did not err in dismissing the petition, on general demurrer.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED JANUARY 22, 1918.

Action for damages; from Tift superior court—Judge Eve. July 21, 1917.

*Hendricks, Mills & Hendricks,* for plaintiff.

*Fulwood & Hargrett,* for defendants.