### 20672. DYER v. FROMSHON.

DECIDED OCTOBER 7, 1930.

*George H. Cornwell, Louis H. Foster,* for plaintiff.

*J. K. Jordan,* for defendant.

LUKE, J. J. N. Dyer brought an action for damages against Mrs. Hattie Fromshon. The trial judge sustained a general demurrer to the petition and dismissed the case, and the only question presented by the record is whether or not his honor erred in so doing.

The plaintiff alleges in his petition that the defendant contracted to rent to him a certain house for a term beginning November 1, 1928, and ending November 29, 1929, in consideration of his repairing and taking care of the property; that he entered into the possession of the premises under said agreement and faithfully performed his part of the contract; that on April 5, 1929, defendant caused a dispossessory warrant to issue from the municipal court of Atlanta, and that, being unable to give bond, the officers of said court, acting under authority of said warrant, "evicted plaintiff by removing . . all his household effects from the building . . into the yard or street;" that before plaintiff could remove said effects from the premises "after his said eviction," a heavy rain greatly damaged them; that said proceedings were brought "without any legal reason whatever;" and that plaintiff was damaged.

In view of the fact that the process referred to in the case at bar was employed for the precise purpose it was intended by law to effect, the petition sets out no action for malicious abuse of process. *Mullins* v. *Matthews,* 122 *Ga.* 286, 289 (50 S. E. 101) ; *Williams* v. *Adelman,* 41 *Ga. App.* 424 (153 S. E. 224), and cases cited. However, counsel for plaintiff in error insists that the petition does set out a case of malicious use of process, and relies upon *McSwain* v. *Edge,* 6 *Ga. App.* 9 (64 S. E. 116), to support his contention. The controlling question raised by the demurrer is whether the petition is fatally defective for the reason that it does not show that the eviction proceeding had finally terminated in favor of the defendant therein. Referring to the *McSwain* case, which is quite similar to the case at bar, Judge George, speaking for the court in *Davis* v. *Hall,* 20 *Ga. App.* 398 (3) (93 S. E. 25), said: "The decision seems to overlook the necessary condition that the proceed-

ing must not only have terminated, but terminated favorably to the defendant, before the action for the malicious use of civil process can be maintained. If that decision conflicts with the decisions of the Supreme Court, supra, on the question here presented, this court is bound by the decisions of that court." The decisions referred to are *Mullins* v. *Matthews,* supra, *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131), and *Grant* v. *Moss,* 146 *Ga.* 87 (90 S. E. 709). The *Moss* case is very much like the case at bar. It was an action for damages for the malicious use of a dispossessory warrant, to which no defense was made. The decision in that case concludes in this language: "The petition also failed to allege want of probable cause, and that the action on which the process issued had been finally determined in favor of the defendant therein; and the demurrer was properly sustained." In the *Moss* case the following language from the *Mullins* case, supra, is quoted with approval: "In such case it is necessary to allege malice, want of probable cause, and that the action on which the process issued has been finally determined in favor of the defendant therein."

The petition in the case at bar certainly does not show that the dispossessory warrant proceeding had terminated in favor of the plaintiff in error. As a matter of fact, the contrary appears. Therefore the court did not err in sustaining the demurrer and dismissing the case.

*Judgment affirmed.    Broyles, C. J., and Bloodworth, J., concur.*