24129. HALL *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE CO.

STEPHENS, J. 1. Assuming that a suit for a malicious use of the process of the courts does not lie in favor of a tenant against a landlord where the tenant has without probable cause been forcibly evicted by the landlord under a warrant to dispossess, as provided in section 5386 of the Civil Code of 1910, where the suit has not terminated in favor of the tenant (*Sparrow* v. *Weld,* 177 *Ga.* 134, 169 S. E. 487; *Clement* v. *Orr,* 4 *Ga. App.* 117, 60 S. E. 1017; *Dyer* v. *Fromshon,* 42 *Ga. App.* 174, 155 S. E. 380), a malicious and forcible eviction of the tenant by the landlord, although under a warrant to dispossess regularly issued, where the tenant has not breached the contract of rental and is entitled to possession of the rented premises, and this is known to the landlord, where the tenant does not arrest the proceedings by counter-affidavit because of inability to give the required bond, and there has been no suit which terminated in favor of the tenant, constitutes a trespass against the tenant's right to possession, for which the tenant has a cause of action sounding in tort against the landlord. *Sturgis* v. *Frost,* 56 *Ga.* 188; *Crusselle* v. *Pugh,* 71 *Ga.* 744; *Smith* v. *Eubanks,* 72 *Ga.* 280; *Porter* v. *Johnson,* 96 *Ga.* 145 (23 S. E. 123); *Townsend* v. *Brinson,* 117 *Ga.* 375 (43 S. E. 748); *McSwain* v. *Edge,* 6 *Ga. App.* 9 (64 S. E. 116); Jones Mercantile Co. *v.* Smith, 44 Fed. (2d) 168. Civil Code (1910), § 4470.

2. The sufficiency of a petition is determinable by the substance of the allegations. Where a petition sets out a cause of action under any legal theory, it is good as against general demurrer. *Pennington* v. *Douglas &c. Ry. Co.,* 3 *Ga. App.* 665 (60 S. E. 485).

3. While the petition in this case, which is a suit by a tenant against the landlord to recover damages for a malicious and forcible eviction of the plaintiff by the defendant under a warrant to dispossess not resisted by counter-affidavit, in which it is alleged that the plaintiff had not violated the contract of rental but was entitled to remain in possession under the contract, may fail to allege a cause of action for a malicious use of process, in that it does not appear that the suit terminated favorably to the plaintiff, nevertheless it alleges a cause of action for a trespass against the plaintiff's right of possession. The court therefore erred in dismissing the petition, on motion in the nature of a general demurrer.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., concurs specially.*

DECIDED FEBRUARY 22, 1935.

626

*Stanford Arnold, Howell, Heyman & Bolding, Howell & Post,* for plaintiff.

*Carter, Carter & Johnson,* for defendant.

JENKINS, P. J., concurring specially. I think that the suit is manifestly as well as necessarily a suit for malicious use of legal process. However, I concur in the judgment for the reason that the decision by the Supreme Court in *Sturgis* v. *Frost,* 56 *Ga.* 188, should be controlling. In the instant case the defendant was unable to litigate the dispossessory proceeding without giving a bond for the eventual condemnation money. This was the basis of the decision in the *Sturgis* case with reference to a distress-warrant proceeding, under the law as it then existed. In the recent case of *Sparrow* v. *Weld,* 177 *Ga.* 134 (169 S. E. 487), which was also a distress-warrant proceeding, it was pointed out that the reasoning in the *Sturgis* case was no longer applicable to distress-warrant proceedings, since the law had been changed after the rendition of that decision, so that the defendant in a distress-warrant proceeding could litigate for the property without being required to give a bond for the eventual condemnation money. In the instant dispossessory-warrant proceeding, the same reasoning which governed the decision in the *Sturgis* case applies. I therefore think that it was not necessary for the plaintiff in this suit for malicious use of legal process to show that the previous dispossessory-warrant proceeding had terminated in his favor.