## WALKER *v.* MAXWELL *et al.*

CANDLER, Justice. In a petition alleging seizure and sale of certain household and kitchen furniture of the petitioner, of the alleged value of $2249, under a distress warrant proceeding for past-due rent in the sum of $87, it was prayed that the sheriff's sale be declared void and set aside because the execution upon which the sale was based was issued pursuant to a false and fraudulent affidavit concerning the jurisdiction of the court, and because the levy was excessive—the property being of such a nature that it was capable of being divided, and should not have been sold in bulk. The exception here is to the judgment sustaining the general demurrer and dismissing the petition. *Held:*

1. The allegations of the petition do not show any collateral attack upon the judgment of a court of competent jurisdiction.

2. The petition cannot reasonably be construed to be an action for malicious use of legal process, as urged in one ground of the demurrer. See Code, § 105-801; *Sparrow* v. *Weld,* 177 *Ga.* 134 (169 S. E. 487); *Baldwin* v. *Davis,* 188 *Ga.* 587 (4 S. E. 2d, 458).

3. The petition sufficiently and definitely alleged, as against the general demurrer, that the personal property levied on was capable of being so divided that a part thereof less than the whole could have been levied on and sold for an amount sufficient to satisfy the execution. If such allegations of the petition are true, as they must be taken to be when considered on general demurrer, the petitioner was at least entitled to have the question of excessiveness of the levy submitted to the jury, and upon proper proof thereof would be entitled to have the sheriff's sale under the levy declared void and set aside. The court therefore erred in sustaining the demurrer and dismissing the case.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16081. MARCH 19, 1948.

*J. Walker Harper,* for plaintiff.
*J. Paul Stephens* and *William P. Congdon,* for defendants.