## 20757, 20778. DAVISON-PAXON COMPANY *v.* WALKER; and *vice versa.*

DECIDED JULY 8, 1932.

*Alston, Alston, Foster & Moise, William Hart Sibley,* for plaintiff in error.

*Branch & Howard, W. H. Vermilya, G. D. McKay,* contra.

JENKINS, P. J. The Court of Appeals certified to the Supreme Court the following questions:

1. "In an action for damages for malicious use of process, where a cause of action is otherwise set out, but where the petition alleges that the former suit was an action of bail-trover, and that after the plaintiff had been arrested by an officer who was required by law to execute the process she regained her liberty by paying an amount equal to the value of the property sued for and the costs of suit, 'being without means at the time of giving the bond required by law in such cases,' and thereupon 'the said suit was marked settled and satisfied and was terminated,' does the petition

sufficiently show, as against general demurrer, that such former action terminated in favor of the defendant therein? See, in this connection, *Walters* v. *Winn,* 142 *Ga.* 138 (2) (82 S. E. 537, L. R. A. 1915A, 601, Ann. Cas. 1915D, 1248); *Slater* v. *Kimbro,* 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19); Civil Code (1910), §§ 4317, 4255, 4116; 41 L. R. A. (N. S.) 346; 38 C. J. 444."

2. "Can it be said that the issuance of bail process in a trover case, valid on its face, was a malicious abuse of legal process, where upon the arrest of the defendant and upon her failure to give the bond or produce the particular property sued for the defendant paid and the plaintiff received the alleged value of the property sued for in settlement of the suit, where it is also alleged that the real purpose of the process was not to recover the property sued for but to collect the value thereof, and where it is alleged that the defendant, being unable to give the bond, paid the value of the property and costs of suit while in legal custody rather than go to jail, although she had never possessed the property sued for and had never owed the plaintiff in the trover suit anything; where it is not alleged, as in *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 276 (62 S. E. 222), that the defendant had been thus coerced into surrendering other property than that specifically sued for, or that the process had been employed to force the defendant in the trover suit to enter into a new and different contract in regard to the alleged debt involved; and where it is not alleged, as in *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131), that the process was employed for a purpose not legally permissible? In other words, can there be said to be a perversion of a legal process regularly sued out and valid on its face, where the settlement of the suit results in the plaintiff receiving the particular property sued for or its equivalent in money? See *Robinson* v. *Commercial Credit Co.,* 37 *Ga. App.* 291 (139 S. E. 915)."

The Supreme Court answered each of these questions in the negative, as follows:

"1. In an action for damages for malicious use of process, where a cause of action is otherwise set out, but where the petition alleges that the former suit was an action of bail-trover, and that after the plaintiff had been arrested by an officer who was required by law to execute the process she regained her liberty by paying an amount equal to the value of the property sued for and the costs

of suit, 'being without means at the time to give the bond required by law in such cases,' and thereupon 'the said suit was marked settled and satisfied and was terminated,' the petition does not sufficiently show, as against a general demurrer, that such former action terminated in favor of the defendant therein.

"2. The second question of the Court of Appeals is answered in the negative. This court will not look into the record to determine whether this question is adjusted to the case actually made by the pleadings in the cause pending."

After the questions were certified and after argument thereon in the Supreme Court, the defendant in error as to the second count (plaintiff in the court below), made a motion before this court, requesting that the second question (that is the one relating to the second count of the petition alleging a malicious abuse of legal process), be amended or reframed, for the reason that the defendant in error (plaintiff in the court below) did not feel that the question as framed by this court presented all the material and essential allegations set forth in the second count of the petition. This motion was denied, but in the order overruling the motion it was provided that supplemental briefs might be filed when the questions were answered by the Supreme Court.

In the opinion dealing with the answer to the second question, the Supreme Court said: "In the brief of counsel for defendant in error it is suggested that the question propounded by the Court of Appeals does not fairly state the case made by the record, and that this court should read the second question propounded by the Court of Appeals in the light of the facts set forth in the second count of the petition, and should decide the case, not upon the question as propounded, but upon that question as it should be modified in view of the allegations in the petition. This court will not go into the record for the purpose of determining whether the Court of Appeals has submitted a proper question or not, in view of the issues in the case, but will decide the question as propounded. The answer of this court is binding upon the Court of Appeals as to the question of law made by the question propounded; but if the question is not properly framed so as to deal with the real issue in the record, the Court of Appeals is still left to decide the case as made by the pleadings."

The Supreme Court having held that the petition did not show

that the former action had terminated in favor of the defendant therein, the first count of the petition, alleging malicious use of legal process, need no longer be considered, and counsel make no reference to it in their supplemental briefs, filed after the answers to the certified questions had been made. The only question for determination now is whether the second question, dealing with the count alleging malicious abuse of legal process, fairly and correctly presented the questions involved by the pleadings in the court below. If it did, the answer of the Supreme Court disposes of that count also adversely to the plaintiff in the court below. This court, in its recent decision in *Robinson* v. *Commercial Credit Co., 37 Ga. App.* 291 (supra), passed upon questions which we thought adjudicated the principles involved in this case under the second count of the petition. The case was certified to the Supreme Court because this court was not unanimously clear in its opinion as to the questions raised by the first count of the petition, but, in certifying it, the questions involved in both counts were presented to the Supreme Court in order that we might ascertain if we had correctly distinguished certain cases of the Supreme Court referred to in the second certified question. In order to make the record full and clear, we now quote in full from the supplemental brief of counsel for defendant in error, plaintiff in the court below, filed after the answers of the Supreme Court were returned, their contentions by which they seek to show that the question certified did not fairly and correctly present the question raised by the second count of the petition and the demurrer thereto:

"The second question certified by this court to the Supreme Court relates to the second count of the petition, being the count to which the demurrer was overruled in the lower court. It is respectfully submitted that the question certified by this court to the Supreme Court did not cover the case as made by the second count of the petition as amended, but that the question as framed omitted certain material facts as set out in the second count of the petition. The substance of the second count of plaintiff's petition is that while she did not have, and never had, possession of any property such as was sued for by Davison-Paxon Company, and had no contract relations with Davison-Paxon Company, and never owed that company anything, and Davison-Paxon Company had no bona fide pretense of a claim against her, it instituted a bail-trover proceeding against her

on the pretense of endeavoring to recover from her certain property, but with the real purpose, not of recovering such property from her, but of compelling her, under duress, to pay to it a sum of money for which she was neither legally nor morally liable and for which it had no bona fide pretense of a claim against her, and caused her to be arrested under such bail-trover process, and while in custody, and as a result of the duress, and, in order to gain her liberty, she paid the arresting officer a sum of money representing the alleged value of the property described in the bail-trover process. In the fifth paragraph of the second count it was alleged that while in the bail-trover process filed by Davison-Paxon Company against Mrs. Walker it was alleged that Mrs. Walker was in possession of the described property, 'Petitioner shows that as a matter of fact she was not then and never had been in possession of said property, and she further shows that she had never purchased or received any such property from the defendant and had no contractual relations with the defendant and owed the defendant nothing whatsoever, and the said allegations to the effect that she was in possession of said property were false and without foundation in fact.' In the sixth paragraph of the petition it is alleged: 'Petitioner shows that said defendant knew, or by the exercise of any reasonable degree of care could have known, that said allegations were false and without foundation in fact, and petitioner alleges that the said defendant did not institute said action in good faith for the purpose of recovering said property, but as a matter of fact instituted the same for the purpose of compelling and forcing petitioner under duress to pay to it the said sum of $190.68.' In the seventh paragraph it was alleged: 'That the said defendant, in suing out said process and having the same served upon petitioner, and causing petitioner to pay said sum of money in order to gain her liberty, was guilty of malicious abuse of civil process.' In the tenth paragraph it was alleged: 'She was neither legally nor morally obligated to pay the same, nor any part thereof, and was not indebted to the defendant, Davison-Paxon Company, in any sum whatever and it had no bona fide pretense of a claim against her.' In the second question propounded by this court it is asked, 'Can it be said that the issuance of bail process in a trover case, valid on its face, was a malicious abuse of legal process, where upon the arrest of the defendant and upon her failure to give the bond or

produce the particular property sued for the defendant paid and the plaintiff received the alleged value of the property sued for in settlement of the suit.' The question, read alone, without reference to the record, would convey the idea that the plaintiff and the defendant in the bail-trover process negotiated and agreed upon a settlement of the suit and consummated such settlement. In fact, it was so construed by the Supreme Court. That court, in answering this question, used this language: 'It does not appear from the certified question that there was an improper use of the process after it was issued. It was issued for the purpose for which the law intended it should be, and brought about a settlement of the suit in the plaintiff (that is, the plaintiff in the bail-trover proceeding) receiving the particular property sued for, or its equivalent.' As a matter of fact, the facts alleged in the petition justify no such inference, but, on the contrary, clearly state that the defendant in the bail-trover process paid the money to the arresting officer for the purpose of gaining her liberty while she was under arrest under the process sued out by the plaintiff, without any bona fide pretense of a justification therefor. The question of this court continues with the hypothesis—'where it is also alleged that the real purpose of the process was not to recover the property sued for, but to collect the value thereof,' where, as a matter of fact, the allegation in the petition is that the plaintiff in the bail-trover process 'did not institute said action in good faith for the purpose of recovering said property, but as a matter of fact instituted the same for the purpose of compelling and forcing petitioner, *under duress,* to pay to it the said sum of $190.68,' for which, as alleged, it had no bona fide pretense of a claim against her. The question continues still further with the statement: 'But where it is not alleged, as in *Brantley* v. *Rhodes-Haverty Co.,* 131 *Ga.* 276 (supra), that the defendant had been thus coerced into surrendering other property than that specifically sued for, or that the process had been employed to force the defendant in the trover suit to enter into a new and different contract in regard to the alleged debt involved; and where it is not alleged, as in *King* v. *Yarbray,* 136 *Ga.* 212 (supra), that the process was employed for a purpose not legally permissible?' The second count of the petition alleged that Mrs. Walker had been forced, under duress, to pay the sum of $197.43 for which she was neither legally nor morally obligated and for

which Davison-Paxon Company had no bona fide pretense of a claim against her, and that the process *was employed* by Davison-Paxon Company *for the purpose of compelling her,* under duress, to pay this money and that it was not instituted or employed in good faith for the purpose of recovering the property for which it was ostensibly instituted. The question of this court closes as follows: 'In other words, can there be said to be a perversion of a legal process regularly sued out and valid on its face, where the settlement of the suit results in the plaintiff receiving the particular property sued for or its equivalent in money?' In the light of the record it is respectfully submitted that the question did not fairly convey to the Supreme Court the questions really involved in the case."

After this presentation of their contentions with reference to the certified question, the able and learned counsel for the plaintiff in the court below, who is defendant in error in this court as to the second count, present their legal argument that despite the answer of the Supreme Court to the question dealing with the second count, under the law and under the allegations of the second count as embraced in the petition, a cause of action setting forth a malicious abuse of legal process was stated. What seems to be a summary of this contention is quoted from the brief as follows.: "While, of course, the bail-trover process under our law is a legitimate process to be employed for the purpose of recovering property or the money equivalent · thereof, it can not be legitimately employed for the purpose of forcing one, under duress, to pay money for which such person is not liable and for which the plaintiff in the process has no bona fide pretense of a claim against the person proceeded against, and the fact that such person, acting under the influence of duress, pays money, is no reason why the wrong-doer should escape liability."

Counsel for the plaintiff in the court below, as well as counsel for the defendant, in their supplemental briefs, complain that the second question submitted indicates that there was a settlement of the suit · between the parties, whereas counsel on ·both sides state the value of the property sued for·was paid to the arresting officer and not directly to the plaintiff in the former action. We are unable to see any legal distinction between the allegation of the petition and the question· as submitted. The question sets forth, as the

petition indicates, that the "defendant paid and the plaintiff received the alleged value of the property sued for in settlement of the suit," and that plaintiff's suit was thereupon dismissed. Whether or not the money, before reaching the plaintiff in the trover suit, passed through the hands of the arresting officer does not appear to us to be a matter of any legal consequence or as having any effect or bearing upon the proposition of law involved in the question submitted.

Counsel for the plaintiff complain that the question sets forth the fact that the petition "also alleged that the real purpose of the process was not to recover the property sued for, but to collect the value thereof," whereas the petition states that the action was not brought in good faith, but was instituted for the purpose of "compelling and forcing petitioner under duress to pay to defendant the sum of $190.68." It will be seen by reference to the question itself that it clearly sets forth plaintiff's contention, in that the question states that it was alleged by the petition that "the real purpose of the process was not to recover the property sued for but to collect the value thereof, and where it is alleged that the defendant, being unable to give the bond, paid the value of the property and costs of suit while in legal custody rather than go to jail, although she had never possessed the property sued for and had never owed the plaintiff in the trover suit anything." While the question did not make use of the particular word "duress," it set forth in the strongest language possible the facts alleged in the petition, rather than the conclusion drawn therefrom by the pleader. There is no contention that the $190.68 paid was excessive in amount, as being more than the value of the property.

As set forth in *Robinson* v. *Commercial Credit Co.*, supra, and quoted with approval by the Supreme Court: "Malicious *abuse* of legal process is where the plaintiff in a civil proceeding wilfully misapplies the process of the court in order to obtain an object which such a process is not intended by law to effect, as contradistinguished from malicious *use* of process, where the plaintiff in a civil proceeding employs the court's process in order to execute an object which the law intends such a process to subserve, but proceeds maliciously and without probable cause." Accordingly, in framing the first question dealing with the count for malicious use, the allegations of malice and lack of probable cause were assumed, and

the question stated that a cause of action was set out unless it should fall by reason of the failure of the petition to show a termination of the former action in favor of the defendant therein. In framing the second question, dealing with the count for malicious abuse of legal process, it was unnecessary to show that the petition indicated that the former action had terminated in favor of the defendant therein, or that it was instituted without probable cause, since the gravamen of such an action consists in seeking to maliciously abuse, misuse, and pervert the process of a court in order to obtain something other than that which such a process is intended to subserve. As we see it, the second question presented every essential element of the second count in the petition, and the ruling of the Supreme Court answering the same is therefore conclusive. As we understand the law, if an action is alleged to have been brought maliciously and in bad faith, and without probable cause, a suit can be maintained for malicious *use* of legal process, provided the previous action has terminated in favor of the defendant therein. When the purpose is to set forth an action for malicious *abuse* of legal process, the question of a lack of probable cause does not enter, but there must be some wilful abuse, misuse, or perversion of the process itself, in that it is made to accomplish something other than that which such an action was intended to subserve, such, for example, as in *Brantley* v. *Rhodes-Haverty Furniture Co.,* supra, where the process was made to accomplish the purpose of obtaining for the plaintiff therein a new contract and additional security for the debt, or as in *King* v. *Yarbray,* 136 *Ga.* 212, where the process was made to accomplish the purpose of bringing about the discharge of the defendant therein from his employment. In the instant case, however, the purpose accomplished by the trover suit was that of obtaining the value of the particular property sued for, and the only question involved, as we see it, was whether the use of the process, even though it be alleged that it was instituted in bad faith, to accomplish that purpose and that only, was an abuse or perversion of the process. As is stated in 1 R. C. L. 102, quoted approvingly by the Supreme Court in the opinion answering the questions certified in this case, "if the act of the prosecution be *in itself regular, the motive, ulterior or otherwise, is immaterial.*" The Supreme Court having answered that there could be no recovery under the first count as for malicious use of legal process on the

alleged ground that the previous action was brought maliciously and without probable cause, for the reason that it was not made to appear that the former action had terminated favorably to the defendant therein; and having further answered with reference to the second count pertaining to malicious abuse of legal process, to the effect that, irrespective of the alleged motive or lack of probable cause actuating the plaintiff in suing out the bail-trover proceeding, merely obtaining particular property sued for or the value thereof and nothing more was not an abuse or perversion of the process to a use which the law did not intend it to effect, there can be no recovery under the second count.

It will be noted that counsel in their brief concede as a matter of course that "bail-trover process, under our law, is a legitimate process to be employed for the purpose of recovering property or the money equivalent thereof." Since the second count of the petition shows that the only purpose the process in the previous action subserved was to recover the money equivalent of the property sued for, it fails to set forth any perversion, misuse, or abuse of the process, even though elements essential to an action for malicious *use* of process may have been embodied in the count for malicious abuse of process. The second count charging malicious abuse of legal·process indicates a lack of probable cause, even going to the extent of alleging a lack of any sort of bona fide claim. What it failed to allege, however, was that the process was employed for any purpose which the law does not intend for such a bail-trover process to subserve, that is, any purpose other than that of recovering the particular property sued for or the money equivalent thereof. Bearing continually in mind the distinction between an action for malicious use of process and an action for malicious abuse of process, and when dealing with the latter form of action as we are now doing, if, as we have already quoted from the Supreme Court, where a prosecution is in itself regular, the motive, ulterior or otherwise, is immaterial, it matters not how strongly the allegations might be made as to the lack of probable cause and good faith in the institution thereof, since, in order to maintain an action for malcious abuse of process, as distinguished from malicious use of process, it must be shown that the process of the court was maliciously abused, misused, or perverted so as to accomplish an object or purpose which the law does not intend such a process to effect.

Counsel for the plaintiff in the court below ask that in the event this court should deem that the answer of the Supreme Court is adversely conclusive under the allegations of the petition as it now stands, she be allowed to amend the second count of her petition by setting forth more plainly and in more detail her contentions. The plaintiff, being the defendant in error in this court as to the second count, has the right, irrespective of any direction from this court, to offer an amendment thereto; but whether or not any such proffered amendment should be allowed, or what language would be sufficient to set forth a cause of action for malicious abuse or perversion of a legal process, under the ruling made by the Supreme Court, and by this court in seeking to conform thereto, it would be premature to seek now to adjudicate.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Stephens and Sutton, JJ., concur.*