M. H. VAN DYKE, plaintiff in error, vs. C. A. BESSER, defendant in error.

[1.] An affidavit of illegality must be made by the party, his agent or attorney, against whom the execution may, at the time, be proceeding: it cannot be made by a co-defendant, in his own name, when the execution is not proceeding against him.

[2.] At the trial, a new affidavit of illegality can not, by way of amendment, be substituted for a void one.

Illegality.    In Lumpkin Superior Court.    Decided by Judge RICE.    February Term, 1866.

A fi. fa. in favor of Besser against M. H. Van Dyke, B. Hamilton, and The Yahoola River and Cane Creek Hydraulic Hose Mining Company, was, on the 2d of February, 1866, levied by the sheriff on five hundred bushels of corn, in the possession of Daniel Davis, as the property of said Mining Company.

On the same day, Van Dyke made an affidavit that the fi. fa. was proceeding "against him and said company and parties" illegally, on several grounds, all of them relating to said Company and this levy, and filed it with the sheriff, giving bond and security in terms of the law.

At court, the plaintiff moved to dismiss the affidavit on the ground that it was made by a defendant against whom the fi. fa. was not proceeding, and not by the one against whom it was proceeding. The court sustained the motion, and Van Dyke then moved for leave to amend the affidavit by adding the word "agent" after his own name. The court refused to permit this, and passed an order dismissing the illegality. And counsel for Van Dyke excepted to all that the court did, as well as to what it refused to do.

Boyd, Phillips, and Johnson, for plaintiff in error.

Bell and Russell, for defendant.

Walker, J.

In this case the execution was proceeding against the property of the corporation, and another defendant filed an affidavit of illegality to arrest its progress.

[1.] The Court below held that the affidavit must be made by, or at the instance of, the party against whom the execution was then proceeding. His decision was predicated upon section 3591 of the Code, which authorizes "such person" whose property has been levied upon, or whose body has been arrested, to "make oath in writing," &c. In this case the affidavit was made by another party, and the Court

below decided, and we think properly, that there was *in law* no affidavit of illegality.

[2.] It was then proposed to amend the affidavit by adding the word "agent" to the name of affiant. Section 3430 of the Code authorizes, by leave of the Court, the amendment of affidavits of illegality, "by the insertion of, *new* and *independent ground*," etc. It was not proposed here to add a new or independant ground of illegality; the motion was, to change the litigant party from Van Dyke to the corporation. In this proceeding the statute gives no such authority. The proposition amounted simply to filing an affidavit *then*, as the *foundation* of the proceeding instituted previously—nothing more, nothing less. The Court held this could not be done, and we think held right.

We do not deny the right of an agent to make an affidavit of illegality. We think sections 2185 and 3596 of the Code give such authority; but the motion was, to change the proceedings from the name of the individual into that of the corporation, and this, we hold, could not, in this sort of case, be done.

Judgment affirmed.