THE NEWTON MANUFACTURING COMPANY *et al.,* plaintiffs in error, *vs.* H. & T. M. WHITE, defendants in error.

1. Equity having acquired jurisdiction, will retain it. Hence, if an affidavit of illegality be tendered to the sheriff, which he refuses, and the defendant in *fi. fa.* then files his bill praying an injunction of the levy and sale, which is granted, it is error in the Court to dissolve the injunction on the ground that the sheriff afterwards returned the illegality to the Court.

2. After granting an injunction, the Court should not dissolve it, even in term time, unless the motion to do so is put on the motion docket and reasonable notice given to complainants. What is reasonable notice, will be judged of by the Court.

3. Cotton loaned before June, 1865, to be returned in kind or its price paid, is a debt on which taxes are payable. No demand is necessary to create the debt. If execution issue on a judgment obtained on such a contract, the usual affidavit of payment of taxes must be attached to the *fi. fa.* before levy or sale.

WARNER, Chief Justice, dissented.

Injunction. Affidavit of illegality. Practice. Relief Act of 1870. Tax affidavit. Before Judge GREENE. Newton Superior Court. March Term, 1872.

On August 1st, 1871, an execution in favor of H. & T. M. White against the Newton Manufacturing Company, as principal, and William R. Phillips and W. F. Davis, securities on appeal, was levied upon certain lands, with the improvements thereon, situated in the county of Newton, " as the property of defendant." The execution was based on a judg-. ment entered up on September 27th, 1870, for the sum of $3,450 49, besides interests and costs. The defendant, William R. Phillips, on August 11th, 1871, filed an affidavit of illegality, in which he set forth " that the plaintiffs' judgment, on which the said execution was founded, was based upon a contract, or cause of action, made or implied before June 1st, 1865, and plaintiffs have not attached to said execution an affidavit that all legal taxes chargeable by law on said debt have been paid from the time of making or implying said contract, and that he (defendant) thereby denied that said taxes have been paid." Phillips tendered said affidavit with a bond, as

prescribed by the statute, to the sheriff, who refused to accept the same and suspend the sale of the property levied on as aforesaid. Whereupon, said defendant filed his bill in equity, returnable to the March term, 1872, of Newton Superior Court, in which he prayed that said sale might be enjoined for certain causes therein set forth.

On September 19th, 1872, after notice to the defendants in the bill, the Chancellor, after hearing the answer of defendants and the affidavits submitted by both parties, sanctioned the bill, and ordered an injunction to issue, in the penalty of $3,000 00, until the further order of the Court.

On the morning of the last day of March term, 1872, counsel for H. & T. M. White, called the attention of the Court to said equity cause, and moved that the injunction be dissolved and the bill dismissed. Complainant's counsel were not present, having had no notice of said motion. The Court passed the following order:

"On argument had, it is ordered that the injunction granted in the above cause be dissolved, it appearing that the affidavit filed by W. R. Phillips, as to the payment of taxes, has been received by the sheriff and filed with the *fi. fa.* in the clerk's office, as required by law. This March 28th, 1872." To which order counsel for complainant excepted.

On the same day the case of H. & T. M. White, plaintiffs in execution, against the Newton Manufacturing Company, as principal, and William R. Phillips and William F. Davis, as securities on appeal, being the affidavit of illegality made by William R. Phillips, was called. The defendants in illegality were neither present in person nor represented by counsel. John J. Floyd, Esq., an attorney of the Court, but not of counsel for defendants, moved to continue the case upon several grounds unnecessary here to be set forth. The motion was overruled and defendants excepted.

The jury returned a verdict for the plaintiffs in execution. The defendants moved for a new trial upon the following among other grounds:

Because the Court erred in charging the jury that "if

they believe from the evidence that the debt arose from a cotton consideration, that is, if the plaintiffs loaned cotton to the defendant, to be returned when called for, there was no cause of action until a demand was made; and if demand was made after June 1st, 1865, then no affidavit of the payment of taxes was necessary, but if not made after June 1st, 1865, they must find for the defendants."

The motion for a new trial was overruled by the Court and plaintiffs in error excepted and now assign error upon each of the aforesaid rulings.

P. L. MYNATT; JOHN J. FLOYD, for plaintiffs in error, submitted the following brief:

Injunction cannot be dissolved except upon rule *nisi* to show cause: Rule of Superior Court, 46. English practice is practice here: Code, sec. 3045. Must be upon order *nisi:* 3 Dan. Ch. Pr., 1825; 1 Eden on Inj., 104.

CLARK & PACE; A. M. SPEER; PEEPLES & HOWELL, for defendants.

MONTGOMERY, Judge.

1. Affidavits of illegality are peculiar to our practice, and lie, generally, when under the practice as it existed before the law allowing them, it would have been necessary to file a bill. The sheriff may receive them and return them to the Court having jurisdiction to try the issues made, or if he choose to reject them on his own responsibility, he can, and not unfrequently does do so. In the present case, he elected to reject the affidavit tendered. This left the defendant in *fi. fa.* to choose which one of his remaining remedies he would rely on: an injunction, or an action against the sheriff. He chose the former, and the Judge granted his application. Had the Court jurisdiction at that time? It is not disputed. Could the defendant in the equity cause, by his own act, deprive the Court of a jurisdiction once acquired? No case has been cited where such a thing was ever allowed; and yet that is

The Newton Manufacturing Company *et al. vs.* White.

what is here attempted.    After the granting of the injunction, the sheriff returned the illegality papers, which seem to have remained in his hands, into Court, and then a motion is made to dissolve the injunction on the ground that a Court of law has now gotten hold of the case.    Proceedings are often stayed at law because equity has acquired jurisdiction; but the converse of the proposition certainly has no precedent to sanction it.    Much less does the fact that a law Court has acquired jurisdiction, require an equity Court, whose jurisdiction has been rightfully obtained, to dismiss the cause from its docket.    "It cannot be left to Courts of law to enlarge or to restrain the powers of Courts of equity at their pleasure:" 1 Story's E. J., sec. 64, (*i.*)

It is sometimes true in England that equity having acquired jurisdiction solely *for the purposes of discovery*, will not always retain it to grant relief—though this is rare.    In America a Court of equity will never refuse to retain its jurisdiction of a case, once acquired for discovery, unless in those States where the machinery of the Court is such (as for want of a jury) as to prevent a thorough investigation of the issues made; and even in those States the more usual practice is to send the issues of fact to a Law Court to investigate and report:    1 Story's Eq. Juris., 65 to 75; sec. 456.    (No such rule prevails even in England, where the jurisdiction attaches for purposes of injunction.)    In the usual course of things, when a Court of chancery is applied to, it either has jurisdiction or it has not.    If it has, nothing a defendant can do can defeat the jurisdiction.    Here it would be especially inequitable to permit him to do so, and thus throw the costs of the bill, which he compelled the complainant to file, upon the latter.    We think the principle fairly applies to such a case, that equity having acquired jurisdiction will retain it, for all the purposes of the case.    Indeed, the general rule is that, if originally, the jurisdiction has properly attached in equity, in any case, that jurisdiction is not changed or obliterated by the Courts of law now entertaining jurisdiction in such cases where they formerly rejected it:    1 Story's Eq. J., sec., 64, (*i.*)    This Court

has held that where the Legislature gives a specific remedy at law, equity jurisdiction ceases: *Osborne vs. Ordinary*, 17 *Georgia*, 123.; see 3 *Georgia*, 137; 2 *Georgia*, 151. So far, the rule then must be considered as changed in Georgia, but no further. If the party injured has, at the inception of his suit, a complete remedy at law, under the ruling above referred to, he must pursue it. In this case he did so until it proved, by act of one of the opposite parties, unavailing. Even in cases in which Courts of law and equity have concurrent jurisdiction, this Court has decided that the Court first acquiring will retain the jurisdiction: *Griffin vs. Sketoe*, 30 *Georgia*, 305; and so now the Code provides section 3041. *A fortiori*, where in the inception of the case, equity alone can afford a remedy, will it retain the jurisdiction once acquired.

2. The injunction once granted, it should not have been dissolved even in term, without notice to the opposite party. Under the English practice an order *nisi* is granted: 3 Danl. Ch. Pr., 1825. And if our own rule of Court (Rule 46) and whole spirit of our law upon the subject do not require notice in term time, the English practice is of force: Code, 3045. We think the better practice is to require the motion to be put upon the motion docket, and reasonable notice to be given to defendant, the Court to be the judge of what, under the circumstances, is reasonable notice.

3. We see no difference between a loan of cotton and a loan of money, so far as payment of taxes is concerned. It is a debt owing to the lender, and he should return it at its market value. A promissory note payable in specifics is none the less a promissory note, and a debt due by the maker because so payable: Code, 2732. Why, then, should not the holder pay taxes upon it? The holder, if forced to sue on such a note, recovers the value of the articles at the time the note falls due, not at the time of demand for payment: *Ibid*. Hence, no demand is necessary to create the debt in such a case. If money be loaned on call, is it not a debt on which taxes must be paid? What difference can it make if it be cotton so loaned? We see none. If this be so, then the plaintiff

should attach the affidavit of payment of taxes to the execution before he should be allowed to proceed to levy and sale. Judgment reversed.

McCay, Judge, concurred, but furnished no opinion.

Warren, Chief Justice, dissenting.

I dissent from the judgment of the Court in this case, on the ground that the Act of 1870, requiring the payment of taxes, is unconstitutional and void.