## Clary & Whaley *vs.* Haines *et al.*

1. Neither in attachment nor in distress for rent can judgment, on mere motion, or on the trial of the main case, be rendered in favor of the plaintiff against the sureties upon a bond conditioned alone for the forthcoming of the property levied upon. In either proceeding, the replevy bond prescribed by statute is for the payment of the recovery, not for the production of the property. · Code, §§3319, 4083.
2. When, after the levy of an execution upon land, an affidavit of illegality setting forth grounds which, if true, show the judgment to be

utterly void, is tendered by the proper party, and the sheriff refuses to receive and respect it, an injunction to arrest the sale may be invoked.  47 *Ga.*, 400.

3. A prior affidavit of illegality by another defendant whose property was not under seizure, and an adverse judgment thereon, will not bar a co-defendant from using the like remedy after a levy has been made upon his property.

4. A bill is not multifarious because it seeks to resist two executions between the same parties, where both are levied upon the same property, and the relief prayed, and the grounds of relief as to both are identical.

5. If to a bill at the instance of some of the defendants in a judgment, their co-defendants are proper parties in order to have the judgment declared void or perpetually enjoined, they can be brought in by amendment.

6. There was no abuse of discretion in granting the *ad interim* injunction.

Equity.   Injunction.   Attachment.   Distress warrant. Judgments.   Forthcoming bond.   Illegality.   Multifariousness.   Parties.   Amendment.   Before Judge HARRIS. Wayne County.   At Chambers.   August 15th, 1878.

Haines and Mitchell filed their bill against Clary & Whaley, making, in brief the following case :

On the 19th day of June, 1875, Leonard George, constable of the 1255th district, G. M., of Wayne county, levied two *fi. fas.*, issued from the justice court of said district, in favor of Clary & Whaley against D. T. Dunn, W. S. Blain, G. W. Haines and D. M. Mitchell, upon fourteen acres of land in Jessup, Ga., known as the Black survey, one of said *fi. fas.* for $83.33 principal debt and costs, the other for $95.17 principal debt and costs, each dated the 28th day of May, 1875, and reciting that they were issued upon judgments rendered in the justice court of said district on December 1st, 1874.   The Black survey levied on was complainants' property, and said *fi. fas.*, with levies thereon, had been returned to the sheriff, who was then proceeding to advertise said property for sale on the first Tuesday in August, 1878. .

On the 27th day of July, 1878, complainants tendered to

the sheriff an affidavit of illegalty to each of said *fi. fas.* The points made were as follows :

1. That no one of the parties defendants named in said *fi. fas.* ever had notice served on them of the pendency of any common law suit of any character whatever, or had waived service thereof, or acknowledged service, or ever appeared or pleaded to the merits of the suits in the said justice court in which said judgments purport to have been rendered, or had any notice whatever of the pendency of any common law suit against them in said court.

2. That the *fi. fas.* were actually proceeding by virtue of two attachments sued out by Clary & Whaley against D. T. Dunn and W. S. Blain as copartners, which were placed in the hands of one George, as constable, who notified defendant, Blain, that he was instructed to levy the same, when said Blain agreed to give bond to the constable for the forthcoming of the property sought to be seized, which he gave, complainants going on the same as security. That the attachments were returnable to the December term, 1874, of the justice court of the 1255th district, G. M. That at said term of said court judgments were rendered generally against all of said defendants, W. S. Blain, D. T. Dunn, G. W. Haines and D. M. Mitchell, and not against Blain & Dunn as principals, and D. M. Mitchell and G. W. Haines as securities, or against the property attached. That there was in truth and fact no levy made upon the property of defendants in attachment, and said *fi. fas.* have been levied on the property of Haines & Mitchell and not the property sought to be seized by virtue of said attachments.

3, 4 & 5.          *          *          *          *          *

6. That the bond signed in said matter was not a bond payable to the plaintiffs in attachment, obligatory to pay them the amount of the judgment they might recover in said case, but was payable to the said George, constable, conditioned for the forthcoming of the property sought to be levied on under said attachments, and not the bond required by the attachment laws, and was therefore void.

Complainants aver that the said two affidavits of illegality tendered were true, and that they had never filed any prior affidavits of illegality in said cases, which fact was known to the sheriff. The original attachment papers and judgments thereon had been lost or destroyed, as complainants have been informed and believe.

When said affidavits were tendered to the sheriff by complainants' attorney, July 27th, 1878, he agreed to receive them and stop the sale, but on July 31st, notified him that he would not receive them and said that the property must sell. Willis Clary and W. H. Whaley were both upon the bond of said sheriff, and his regular advising attorney, John D. Rumph, attorney for said parties, and the said parties had, as complainants believe, advised the sheriff to disregard said affidavits of illegality. The property levied on was worth $1,000.00, but if sold at public sale at present prices would not bring a tittle of its value. Said *fi. fas.* were void because they could not issue upon an attachment proceeding. Complainants never entered into any obligation connected with any proceeding in favor of said plaintiffs in said *fi. fa.* other than the forthcoming bond aforesaid, and no valid judgment could be entered thereon.

Complainants' remedy is not as complete and adequate by a suit against the sheriff as it is in equity, for the reason that the measure of damages against him would be only the value of the property as ascertained by the bid at said sale, etc., therefore complainants prayed the writ of injunction addressed to said sheriff, plaintiffs in *fi. fa.* and constable, commanding and requiring them to desist from further attempting to sell said property, and also the writ of subpœna, etc.

As cause why an injunction should not issue, the defendants Clary & Whaley demurred to the bill because it contained no equity, the remedy at law was complete, and be. cause it was multifarious.

They also set up, by answer, the following facts : In 1874, Dunn & Blain, being indebted to them for rent $83.33, they sued out before Floyd, J. P., a distress warrant for that amount, which was levied upon certain personalty as the property of the defendants. A counter-affidavit was filed, and a bond, given in terms of the law, with the complainants as securities. Afterwards, Dunn & Blain becoming indebted to them an additional amount for rent, a second distress warrant was issued and the same proceedings again had. These cases came on for trial before said justice on December 1s', when a judgment was rendered in each case against Dunn, Blain, Harris and Mitchell for the amount claimed. On May 28th, 1875, Parker, J. P., Floyd's successor, issued executions upon the judgments aforesaid, which were, on June 19th following, levied upon the land described in the bill as the property of Haines and Mitchell. To these levies Blain, in behalf of all of the defendants, interposed an affidavit of illegality, which, upon being returned to the justice court, was overruled, and an appeal entered to the superior court. At the March term, 1878, of the superior court, when said appeal case came on to be heard, a judgment was rendered directing the executions to proceed.

The affidavit of illegality filed by Blain in June, 1875, after uniting the two cases as to amount and stating them as one, proceeds thus : " Before the undersigned, came William S. Blain, one of the defendants in the above stated *fi. fa.*, who, being sworn according to law, saith that the above stated *fi. fa.* is proceeding against him and his sureties illegally, for the following grounds, etc."

Affidavits were read in support of the bill and answer respectively, which leave it in doubt whether the original proceedings, in which the bond was given with complainants as securities, were by attachment or distress warrant. The papers having all been lost or destroyed, there was no way of establishing which theory was correct. But the

evidence did disclose, that the bond signed by the complainants .was given to the constable for the forthcoming of the property levied on.

The chancellor granted the injunction and defendants excepted.

JOHN D. RUMPH, by brief, for plaintiffs in error, cited Code, §§3664, 4671, 3084, 3093, 3095, 2894, 3218 ; 53 *Ga.*, 387; 55 *Ib.*, 335 ; 10 *Ib.*, 116 ; Story's Eq. Plead., §287.

C. SYMMES; GOODYEAR & HARRIS, for defendants, cited Dillon on Mun. Corp., §688; 11 Md., 186; 18 *Ib.*, 284; 8 *Ga.*, 444 ; 16 *Ib.*, 432 ; 13 *Ib.*, 140 ; 34 *Ib.*, 268.

BLECKLEY, Justice.

1. Whether in attachment, or in distress for rent, the statutory bond is for the payment of the recovery, or condemnation money. Code, §§3319, 4083. A bond for the production of the property may be binding as a common law bond, but certainly no judgment upon it can be entered up in the main case, or without an action upon the bond. Here, this summary mode of taking judgment was pursued, and for that reason the judgments were void.

2. The sheriff having refused to receive a good ,and sufficient affidavit of illegality, was subject to be enjoined from making the sale. 47 *Ga.*, 400.

3. The prior affidavit of illegality, by Blain, was no impediment to an affidavit by Haines and Mitchell, the complainants in the bill. Blain's property was not under seizure, nor was his affidavit made as agent, but in his own name and interest, as principal. 34 *Ga.*, 268.

4. Was the bill multifarious? Both executions were between the same parties, levied by the same officer, on the same property, and were subject to the same objections. The relief prayed against one, and the grounds thereof, were identical with the relief prayed against the other, and the

grounds thereof. The bill sought to ward off, by the same means, two blows, with two like instruments, aimed by the same parties 'at the same object. To exact a unity in the bill more strict than this, would be to go beyond the sticklers for the dramatic unities—the classical purists in dramatic composition, who are to be satisfied with nothing less than complete unity of time, of place, and of action. May not he who attacks with a double-barrel be resisted, just as if he shot with a single barrel?

5. Grant that all the defendants in the judgments must be parties to the bill, those left out may be brought in by amendment. The injunction, in the meantime, may hold matters in *statu quo.*

6. We can safely say there was no abuse of discretion in granting the injunction.

Judgment affirmed.