## BOSWORTH & JOSSEY vs. MATTHEWS.

When an affidavit to foreclose a chattel mortgage was attached to the mortgage, which it identified by its date and amount, it was not void because it did not state that it was annexed to the mortgage, and it was error to dismiss the levy made thereunder.   73 *Ga.*, 139; Code, §3971.

(a.) The requirement to annex the affidavit to the mortgage, and to return it therewith to the clerk's office, is directory to that officer, that he may be enabled to issue the execution on the foreclosure. Code, §3971.

Judgment reversed.

February 24, 1885.

HALL, Justice.

[A mortgage *fi. fi.* was levied on certain personalty, and a claim was interposed thereto.   On the trial, the court held that the foreclosure was insufficient, and dismissed the levy, and this was assigned as error.   The body of the affidavit to foreclose was as follows:

"W. H. Matthews, of said county, is indebted to the said Bosworth & Jossey the principal sum of one hundred and seventy-two and 2-100 dollars ($172.02), and the sum of six dollars and ninety cents for interest to date; that said sums are secured by a mortgage exe-

cuted by the said W. H. Matthews, dated May 6th, 1884, on his crops of cotton, corn, fodder, peas, wheat, oats, rice, sugar-cane, potatoes and cotton seed, grown on his farm in Sumter county the year 1882; also on one bay mule named 'Pete,' and one bay mule named ' Jack,' and one two-horse wagon; that said sums are now due and unpaid; and deponent makes this affidavit that said mortgage may be foreclosed and execution issue as the law provides."

The date, property mortgaged and amount due (after deducting certain credits) corresponded with those in the mortgage, and the affidavit and mortgage were attached together.]