21179. SCHROEDER *v.* BENNETT.

DECIDED JUNE 9, 1931.

*Roy S. Drennan,* for plaintiff. *Grant & Long,* for defendant.

LUKE, J. H. C. Schroeder brought a suit for damages against S. C. Bennett, alleging: that Bennett filed a trover action against petitioner and at the same time filed an affidavit to obtain bail; that petitioner, being unable to produce the property for which the action was brought, or to make the bond, was incarcerated in jail; that "said process and the arrest made thereunder was not made for the purpose of obtaining the security contemplated and provided by law, and said action was not instituted for the legal purpose for which the same was intended, and said process was sued out and said false affidavit was tendered and filed maliciously, wilfully, and with the intent and purpose different from that contemplated and intended by law and for the purpose of coercing the plaintiff herein into procuring from friends or relatives the payment of the debt, or the obtaining of a bond for the purpose of collecting the debt;" and that "the action of the defendant was wilful and malicious, predicated upon a false affidavit, and even after his incarceration was persisted in and approved, and that in addition to the actual damages petitioner is entitled to punitive or exemplary damages." A general demurrer to the petition was sustained and the suit dismissed, and on this ruling the plaintiff, in his bill of exceptions, assigns error.

Counsel for plaintiff in error concedes in his brief that since the petition did not allege a final termination in the court below favorable to plaintiff herein, an action for the malicious use of a civil process would not lie, "but plaintiff in error contends that the suit

herein was not for the malicious use of a civil process, but for the malicious abuse." This contention is without merit, because, as alleged in the third ground of demurrer, the petition "does not set forth facts sufficient to set out a cause of action as to or against defendant for malicious abuse of process, it not being alleged that the bail process, which is the basis of this action, was employed in or perverted to any use not intended by law, said petition showing on its face that said bail process was executed by the marshal of the municipal court of Atlanta (DeKalb section) in the manner provided by law, by committing plaintiff to jail, upon failure to find the property therein specified, until such property should be produced or until plaintiff had given bond for the eventual condemnation money."

The burden of the petition is that "said action was not *instituted* for the legal purpose for which the same was intended." (Italics ours.) An action for malicious *abuse* of process lies when, after the process is issued, it is "wilfully misapplied or perverted to some use which the law did not intend such a process should subserve." *McElreath* v. *Gross,* 23 *Ga. App.* 287 (2), 289 (98 S. E. 190). See also *Porter* v. *Johnson,* 96 *Ga.* 149 (23 S. E. 123) ; 1 R. C. L. 103.

The petition failed to set out a cause of action for malicious abuse of legal process, and the trial court properly sustained the demurrer thereto.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*