## SIMPSON *v.* JONES *et al.*

No. 11064.   June 12, 1936.

*R. J. Bacon,* for plaintiff. *G. L. Sabados,* for defendants.

Hutcheson, Justice. B. D. Simpson brought his petition against W. G. Jones and E. Gunter of Dougherty County, and E. M. Harris of Baker County, alleging substantially as follows: In

May, 1935, Gunter came to petitioner's home in Baker County while petitioner was sick in bed, and demanded of petitioner $21.55, claiming that said sum was the balance owed Jones on some furniture. Petitioner informed Gunter that he did not owe that amount, and that his receipts were in Newton, and he would get them in a few days. He tendered $5 unconditionally to Gunter, who refused the same, stating that he had instructions to get $21.55 or nothing. Gunter later with Harris broke into petitioner's home, scattered petitioner's effects and documents, removed certain described household furniture therefrom, and wrongfully, tortiously, and maliciously took and carried it away and delivered it to Jones in Albany. Personal demand has been made on Jones for the furniture, which demand was refused. The continued possession by Jones of the furniture is a continuing trespass, and gives rise to a new cause of action each day, and a multiplicity of suits will result thereby. The defendants are claiming to act under some sort of legal process which they claim was issued by T. A. Riley. Petitioner has demanded of Harris and Riley that they permit him to see the process under which they claim to be acting, but they have refused to do so. Petitioner offered to give bond for the furniture and to file a defense to the alleged mortgage foreclosure. Riley told petitioner that the furniture belonged to Jones and had been delivered to him. All these acts were part of a conspiracy of the defendants and Riley to deny petitioner the right to give bond and obtain possession of his furniture, and to prevent him from defending against the alleged legal process, with the intent to extort from him money which he did not owe. Riley is insolvent, and it is useless to join him as a defendant. The acts aforesaid were done maliciously and without probable cause. The furniture is being advertised for sale. The plaintiff attacks the validity of the advertisement on various grounds, tenders into court the $5, and alleges loss and damage by the illegal entering of his home and trespassing therein, and by reason of the trespass on his property and the deprivation and use thereof, in the sum of $2000 as exemplary and punitive damages. He offers to do equity and to give bond, and prays that he recover the furniture, that he recover the damages as alleged, and for injunction, and that any issues relative to the foreclosure proceedings be determined in the superior court. By

amendment the petitioner attacked the foreclosure proceeding on various grounds which sufficiently appear from the rulings in this opinion. He alleged that by reason thereof the proceeding was void, and not such a color of process as to authorize the acts complained of. It appears from this amendment that the petitioner has seen and examined the alleged process under which the alleged acts of the defendants were done; that Riley is the justice of the peace of the 971st district, G. M. of Baker County, who issued the alleged process; and that Harris is the constable of said court. No copy of the foreclosure proceeding is attached to or set out in the petition, but it appears from the advertisement of sale attached to the petition that the furniture had been levied upon thereunder. Jones demurred to the petition generally and specially. The court dissolved the restraining order, sustained the demurrers, and dismissed the petition. The plaintiff excepted.

1. Malicious use of legal process is where a plaintiff in a civil proceeding employs the court's process in order to execute the object which the law intends for such process to subserve, but proceeds maliciously and without probable cause. In a suit for damages growing out of such malicious use of process, it must appear that the previous litigation has finally terminated against the plaintiff therein. *McElreath* v. *Gross,* 23 *Ga. App.* 287 (98 S. E. 190); *Roberts* v. *Willys-Overland Inc.,* 27 *Ga. App.* 304 (108 S. E. 138); *Wilcoxon* v. *Equitable Loan Co.,* 48 *Ga. App.* 250 (172 S. E. 682); *Marable* v. *Mayer,* 78 *Ga.* 710 (3 S. E. 429); *Sparrow* v. *Weld,* 177 *Ga.* 134 (169 S. E. 487). It not appearing in the present case that the previous litigation has finally terminated against the plaintiff therein, and in favor of the present plaintiff, the petition fails to set forth a cause of action for malicious use of process.

2. Malicious abuse of legal process is where a plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which such process is not intended by law to effect. *McElreath* v. *Gross,* supra; *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131). "If the purpose and effect of suing out the process had been to maliciously injure, harass, and humiliate the plaintiff, and it had been instituted without probable cause, but not actually put to some unauthorized use, there would have been a malicious use of a legal process; but in order for there to be a

malicious abuse of process, it must be wilfully misapplied or perverted to some use which the law did not intend that such process should subserve. *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 276, 281 (62 S. E. 222)." *McElreath* v. *Gross,* supra; *Porter* v. *Johnson,* 96 *Ga.* 145 (23 S. E. 123); *Davison-Paxon Co.* v. *Walker,* 174 *Ga.* 532 (163 S. E. 212). It does not appear that the process sued out in the present case was used for any other purpose than to subject the property levied on to the payment of the debt, and to enforce the payment thereof. The allegations of the petition that the process was sued out for the purpose of forcing the plaintiff herein to pay a debt which he did not owe, construing the petition most strongly against the pleader, merely means that the plaintiff herein did not owe the debt for which the process was sued out. See *Davison-Paxon Co.* v. *Walker,* supra; *Robinson* v. *Commercial Credit Co.,* 37 *Ga. App.* 291 (139 S. E. 915); *Schroeder* v. *Bennett,* 43 *Ga. App.* 389 (159 S. E. 121).

3. The annexation of the affidavit of foreclosure to the mortgage (bill of sale) or a verified copy is directory, and its omission does not void the fi. fa. issued pursuant thereto. *Bosworth* v. *Matthews,* 74 *Ga.* 822; *Thigpen* v. *Vidalia Chemical Co.,* 42 *Ga. App.* 563 (156 S. E. 635). Code of 1933, § 67-901.

4. The affidavit of foreclosure, and other proceedings to foreclose mortgages on personalty, including the fi. fa., are amendable to the same extent as ordinary suits. Code of 1933, § 81-1203; *Burgwyn Tobacco Co.* v. *Bentley,* 90 *Ga.* 508, 516 (16 S. E. 216); *Ragan* v. *Coley,* 4 *Ga. App.* 421 (61 S. E. 862).

5. The record being incomplete as to the contents of the affidavit of foreclosure, which is the basis of the jurisdiction of the court issuing a fi. fa. thereon, and it not being attacked as insufficient for any reason, it will, as against the plaintiff, be presumed to state sufficient facts and to be in the proper form upon which to base the foreclosure and the issuance of the fi. fa. against the plaintiff herein (*James* v. *Maddox,* 153 *Ga.* 208 (3), 111 S. E. 731; *Smith* v. *Scarborough,* 182 *Ga.* 157, 185 S. E. 105); and the direction in the fi. fa., to make a certain sum of money out of the property described therein as the property of the plaintiff, was properly corrected by inserting the name of the defendant in the place of the name of the plaintiff, so as to make the fi. fa. con-

form to the affidavit (*Cape Fear Steamboat Co.* v. *Torrent,* 46 Ga. 585 (2); *Cumming* v. *Wright,* 72 Ga. 767), and the levy made thereunder does not fall. Code of 1933, § 39-109.

6. The foreclosure proceedings not being void for any reason assigned, the petition failed to set forth a cause of action for trespass. See *Hardy* v. *Luke,* 18 Ga. App. 423 (89 S. E. 540); *Gunn* v. *Pattishal,* 48 Ga. 405; *Hathaway* v. *Smith,* 117 Ga. 946 (43 S. E. 984).

7. While under the preceding rulings the petition was subject to the attack made by the demurrer, in that it set out no cause of action for damages and made no valid attack on the validity of the foreclosure proceedings, it appears from the allegations that the plaintiff, by the acts of the defendants, was prevented from pursuing his remedy at law by affidavit of illegality. Under these circumstances he was entitled to come into equity, enjoin the proceeding at law, and set up his defenses therein. *Newton Mfg. Co.* v. *White,* 47 Ga. 400; *Clary* v. *Haines,* 61 Ga. 520. Equity, having acquired jurisdiction, will retain it, and the acts of the defendants in removing the obstacle to the filing of an affidavit of illegality after the institution of the present suit would not defeat the already acquired jurisdiction of the court of equity. It would be inequitable to do so, and thus throw the cost of the suit, which they compelled the plaintiff to file, upon the latter. *Newton Mfg. Co.,* supra.

8. Under the circumstances set out above, it was error to dissolve the temporary restraining order and to dismiss the petition on the ground that the plaintiff could then file his affidavit of illegality (*Newton Mfg. Co.* v. *White,* supra), inasmuch as the plaintiff, under the allegations of the petition, would be entitled to have determined in the court of equity the question whether or not he owed the mortgage debt.

*Judgment reversed. All the Justices concur.*