### 28988. DUGAS *v.* DARDEN.

DECIDED JUNE 19, 1941. REHEARING DENIED JULY 19, 1941.

*Weir S. Gaillard,* for plaintiff. *Alex McLennan,* for defendant.

FELTON, J. Graham C. Dugas sued Allen Darden, alleging substantially that he had purchased from the defendant a diamond ring, giving him as full and complete payment therefor his promissory note for $500, upon which he had made several payments; that since then the defendant had prosecuted the plaintiff upon a charge of larceny after trust with reference to the ring transaction, and had also brought trover for recovery of the ring; that in so doing the defendant had employed the process of the court for a purpose for which it was never intended, to wit: to collect the balance of a debt on a note by remedies not available for such purpose, making it necessary for the plaintiff to expend the sum of $——— dollars to defend this tortious litigation.

The defendant demurred to the petition and on a hearing the court ordered the plaintiff on pain of dismissal, to amend his petition to meet the demurrer. The plaintiff filed an amendment alleging substantially that the process set forth in the original petition was legally and properly issued; wilfully, wrongfully, and unlawfully employed for a purpose which it was not instituted by law to effect; and defendant is the prosecutor and plaintiff in the cases, one civil, the other criminal; that the plaintiff in this suit is a defendant in both of the above actions; that the defendant is the person responsible for the abuse; that the diamond ring involved is exclusively the property of the plaintiff, free from any lien or lawful claim of the defendant; that the defendant's employment of the actions sets out is a malicious abuse of legal process, not instituted nor employed in good faith for punishment of crime nor

recovery of any of defendant's property; but for the ulterior motive or purpose of extorting by oppressive coercion the payment of a plain unconditional promissory note by which plaintiff bought the ring from defendant, by indictment and arrest; to rescind the contract without notice and to compel the plaintiff to give other and higher security or to enter into a new and different contract respecting the purchase of the ring; that plaintiff had not stolen the ring and defendant knew he had not; that his object was not to punish the plaintiff for the alleged crime nor to obtain the jewelry nor bail-trover bond, but to compel plaintiff to give up the ring which was not the property of the defendant and not the object of the process, but to pay the debt, which was the object of the process, by intimidation and fear of arrest, thus compelling the plaintiff to give bond in both cases to keep from being imprisoned and further embarrassed; that the actions set out were instituted by the defendant to prevent the plaintiff from running for and being elected to the State Senate, etc.

The demurrer was renewed to the petition as amended, and was sustained by the court. The plaintiff excepted to the order requiring him to amend the original petition and to the order sustaining the demurrer to the petition as amended.

1. In order to reach a decision we must first decide what is the basis of this action, whether it is for a malicious use of process, or a malicious abuse of process. The allegations of the petition would be pertinent in either class of cases, but the case at bar can not proceed as a case for malicious use of process, for in a case of that kind three things must be alleged: (1) that the suit was malicious; (2) that it was without probable cause; and (3) that it had terminated in plaintiff's favor before the suit for damages was filed. *Clement* v. *Orr*, 4 *Ga. App.* 117 (60 S. E. 1017); *Marable* v. *Mayer*, 78 *Ga.* 710 (3 S. E. 429); *Davison-Paxon Co.* v. *Walker*, 174 *Ga.* 532 (163 S. E. 212). In the case here we not only do not have the allegation that the suits maliciously instituted had terminated in the plaintiff's favor, but on the contrary, though it is not set out in the pleadings set forth in the first part of this opinion, it is specifically alleged that the suits are still pending.

2. We now look at the petition to see whether a case of malicious abuse of process is laid. In such a case it is not necessary to allege that the suits which were instituted against the plaintiff

have terminated in his favor, but it must be alleged that the plaintiff in a civil proceeding wilfully misapplied the process of the court in order to obtain an object which such a process was not intended by law to effect, as contradistinguished from malicious use of process, where the plaintiff in a civil proceeding employs the court's process in order to execute an object which the law intends such a process to subserve, but proceeds maliciously and without probable cause. *McElreath* v. *Gross, 23 Ga. App.* 287 (98 S. E. 190); *Roberts* v. *Willys-Overland Inc., 27 Ga. App.* 304 (108 S. E. 138); *Davison-Paxon Co.* v. *Walker,* supra. The petition in the case at bar alleges that the process of which he complains was legally and properly issued. The burden of his petition, then, seems to be on a like footing with that in *Schroeder* v. *Bennett,* 43 *Ga. App.* 389 (159 S. E. 121), where the court said: "The burden of the petition is that 'said action was not *instituted* for the legal purpose for which the same was intended.' . . An action for malicious *abuse* of process lies when, after the process is issued, it is 'wilfully misapplied or perverted to some use which the law did not intend such a process should subserve'." In *Davison-Paxon Co.* v. *Walker,* supra, the court said: "It does not appear that in the trover proceeding the court's process was misapplied to obtain an object which such a process is not intended in law to effect, since 'the legitimate purpose of making an affidavit to require bail in an action to recover personal property is to require bond to be given for the forthcoming of the property to answer such judgment, execution, or decree as may be rendered or issued in the case, or, on failure thereof, to have the officer seize the property, or, if it is not found, to have the defendant committed to jail." In *McElreath* v. *Gross,* supra, the court said: "If the purpose and effect of suing out the process had been to maliciously injure . . the plaintiff, and it had been instituted without probable cause, but not actually put to some unauthorized use, there would have been a malicious *use* of a legal process; but in order for there to be a malicious *abuse* of process, it must be wilfully misapplied or perverted to some use which the law did not intend such a process should subserve. *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 281 (62 S. E. 222)." In the *Brantley* case, supra, the jury would have been authorized to find that the process was used for an illegal purpose without trying the issue which would have arisen under

the process. The opinion in *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131) was predicated on the idea that the alleged illegal purpose of the proceeding was accomplished, and that the process could not possibly have been used for a legal purpose. Applying these rules, we see that neither the original petition nor the petition as amended sets forth any acts which would lead to the conclusion that the processes in the cases complained of, issued in their regular order, were in any way misapplied or perverted. In this action this court can not be required to adjudicate the issues in the trover suit while it is still pending and when no result has as yet been obtained, the legality of which can not be determined in this case. It follows that no action for malicious abuse of process is set out in the petition, either in its original form or as amended.

3. No cause of action for malicious prosecution is set forth in the petition originally or as amended because "The prosecution must be ended before the right of action accrues." Code, § 105-806. It is alleged that the indictment against the plaintiff is still pending. There is no cause of action for malicious abuse of criminal process. *Grist* v. *White,* 14 *Ga. App.* 147 (80 S. E. 519); *Price* v. *Cobb,* 63 *Ga. App.* 694 (11 S. E. 2d, 822).

It was not error for the court to require the amendment to the petition, or to sustain the demurrer to the petition as amended, or to dismiss the action.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*