United States Court of Appeals,

Eleventh Circuit.

No. 94-8348.

TAIYO CORPORATION, Plaintiff-Appellant,

Mitchell Rosen, Rowe, Foltz & Martin, P.C., Appellants,

v.

SHERATON SAVANNAH CORPORATION, Defendant-Appellee.

April 17, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-CV-2813), Orinda D. Evans, Judge.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

The appellants, Taiyo Corporation (Taiyo), Mitchell Rosen and Row, Foltz & Martin, P.C., challenge the dismissal of Taiyo's complaint for a declaratory judgment against Sheraton Savannah Corporation (Sheraton) filed in the United States District Court for the Northern District of Georgia, as well as the district court's award of sanctions made pursuant to Fed.R.Civ.P. 11. The court found that the action was brought for an improper purpose and was not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law. *See* Fed.R.Civ.P. 11(b)(1), (2). We find that both the dismissal and the order granting sanctions were justified and AFFIRM the district court's judgment in all respects in accordance with 11th Cir.R. 36-1.[1]

---

[1]11th Cir.R. 36-1 provides:

> When the court determines that any of the following

The appellee, Sheraton, also urges the imposition of sanctions against the appellants and their appellate counsel, Mark A. Kelley, for instituting a frivolous appeal. *See* Fed.R.App.P. 38.[2] We conclude that Sheraton's motion for that purpose is well-taken and hold that the appellants and their attorney are jointly and severally liable for Sheraton's reasonable costs and attorney's fees incurred in defending this appeal. *See Romala Corp. v. United States,* 927 F.2d 1219, 1225 (Fed.Cir.1991) ("Though the language of Rule 38 does not explicitly provide for sanctions against attorneys, there is ample precedent in this and other circuits for imposing Rule 38 sanctions on an attorney as well as on the client."); *Pelletier v. Zweifel,* 921 F.2d 1465, 1520-23 (11th Cir.) (finding joint and several liability under Rules 11 and

---

circumstances exist:

(a) judgment of the district court is based on findings of fact that are not clearly erroneous;

(b) the evidence in support of a jury verdict is sufficient;

(c) the order of an administrative agency is supported by substantial evidence on the record as a whole;

(d) summary judgment, directed verdict, or judgment on the pleadings is supported by the record;

(e) judgment has been entered without a reversible error of law;

and an opinion would have no precedential value, the judgment or order may be affirmed or enforced without opinion.

[2]Fed.R.App.P. 38 states: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

38 where the attorney and his client were equally culpable for bringing an unfounded action and a frivolous appeal), *cert. denied,* 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991).

According to the affidavit of counsel for Sheraton, "Sheraton has incurred or will incur and be billed for attorneys' fees and expenses directly connected with the representation of Sheraton in the appeal of this case of not less than $8,500. In my opinion, such fees and expenses are reasonable." (Motion for Rule 38 Sanctions, Exhibit B). Sheraton seeks Rule 38 damages in that amount. Although the appellants oppose the motion in substance, they do not challenge this calculation in their response. We find it unnecessary, therefore, to remand the case to the district court to assess appropriate Rule 38 sanctions. In the interest of judicial economy and to avoid further expenditures by the parties necessitated by a remand, we award Sheraton damages in the amount of $8,500.00. *See King v. United States,* 789 F.2d 883 (11th Cir.1986).

IT IS SO ORDERED.