[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-10625; 14-13344
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01493-TWT-GGB


BRENDALYNNE DUNCAN,
TYRONE DUNCAN,

                                        Plaintiffs - Appellants,

versus

CITIMORTGAGE, INC.,
PENDERGAST & ASSOCIATES, P.C.,
HOWELL A. HALL,
JOHN F. PENDERGAST, JR.,

                                        Defendants - Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(June 16, 2015)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Brendalynne and Tyrone Duncan appeal the district court's grants of motions to dismiss filed by Appellees Citimortgage, Inc., Pendergast & Associates, P.C., Howell A. Hall, and John F. Pendergast. Their attorney, Deirdre M. Stephens-Johnson, appeals the district court's imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure. After review of the briefs, we affirm. Additionally, we deny Appellees' motion for sanctions under Rule 38 of the Federal Rules of Appellate Procedure.

Appellants filed a complaint alleging (1) wrongful foreclosure, (2) trespass, (3) malicious and forcible eviction, (4) violations of Georgia Racketeering in Corrupt Organizations Act (RICO), O.C.G.A. §§ 16-14-1–16-14-15, (5) intentional infliction of emotional distress (IIED), and (6) violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, in Georgia state court. They also claimed attorney's fees and punitive damages. Appellees removed to the District Court for the Northern District of Georgia based on federal question and diversity jurisdiction. They subsequently filed motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted the motions. Appellants appealed that dismissal as to all counts except the eviction count, waiving any challenge to the dismissal of that

2

count.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (refusing to consider an issue not properly raised on appeal).

After the notice of appeal was filed, Pendergast & Associates, Hall, and Pendergast (Pendergast Appellees) moved for Rule 11 sanctions against Stephens-Johnson.  The district court granted the motion, and a notice of appeal specifying Appellants as the parties taking the appeal was filed.[1]  The Pendergast Appellees also move this court for Rule 38 sanctions against Stephens-Johnson.

## I.

We review a district court order granting a motion to dismiss de novo. *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002).  Contrary to Appellants' contention that the district court incorrectly applied federal pleading standards, rather than the more lenient Georgia pleading standards, federal district courts apply federal pleading standards after removal.  Fed. R. Civ. P. 81(c)(1).

## A.

The district court rejected Appellants' contention below that CitiMortgage was required to identify the secured creditor in the notice of foreclosure, citing *You*

---

[1] Under Rule 3(c) of the Federal Rules of Appellate Procedure, a notice of appeal from an order granting sanctions against counsel generally should specify counsel as the appellant. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844–45 (11th Cir. 2006).  However, "[a]n appeal must not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4).  Because the notice of appeal from the sanctions order was filed separately and designated the sanctions order, it is "objectively clear that [Johnson] intended to appeal." *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 660 (11th Cir. 1998) (internal quotation marks omitted).  We thus have jurisdiction over the appeal of the sanctions order.

*v. JPMorgan Chase Bank*, 743 S.E. 2d 428 (Ga. 2013).  Appellants pivot here and argue instead that CitiMortgage was without authority to negotiate the terms of the mortgage and that Appellees failed to name the entity with such authority.  *See* O.C.G.A. § 44-16-162.2(a).  Because Appellants raise this argument for the first time on appeal, we will not consider it.  *See Access Now, Inc.*, 385 F.3d at 1331.

Appellants then conclusorily assert, again without record citations and despite conclusive record evidence to the contrary, that Appellees failed to comply with the security deed.  In fact, the district court cited record evidence of Appellees' compliance with the security deed's requirements, and Appellants fail to so much as even acknowledge the existence of that evidence in their brief, much less explain why it fails to establish Appellees' compliance.  Because this argument is no more than a restatement of arguments presented below, and because it flies in the face of record evidence, we will not consider it.  *See Flanigan's Enters., Inc. of Ga. v. Fulton Cnty.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (per curiam), *superseded by ordinance*, Fulton Cnty. Code § 18-79(17), *as recognized in Flanigan's Enters, Inc. of Ga. v. Fulton Cnty.*, 596 F.3d 1265 (11th Cir. 2010).

### B.

Because the trespass, RICO, and IIED claims required Appellants to successfully plead wrongful foreclosure to move forward, the district court properly dismissed those claims after dismissing the wrongful foreclosure claim.

4

Appellants alleged that Appellees trespassed "by wrongfully and unlawfully exercising the power of sale and filing the dispossessory action against [Appellants]," in other words, by wrongfully foreclosing. The failure to state a claim for wrongful foreclosure, then, leaves the trespass claim toothless. *See Simpson v. Jones*, 186 S.E. 558, 560 (Ga. 1936) ("The foreclosure proceedings not being void for any reason assigned, the petition failed to set forth a cause of action for trespass."). Consequently, the trespass claim was properly dismissed.

The RICO claim likewise fails. In Georgia, "[t]o establish that [a] defendant engaged in racketeering activity, a plaintiff must show that the defendant committed predicate offenses (set forth in O.C.G.A. § 16-14-3(9)) at least twice." *Cobb Cnty. v. Jones Grp. P.L.C.*, 460 S.E. 2d 516, 521 (Ga. Ct. App. 1995). The Appellants alleged theft by conversion, theft by deception, and mail fraud as the predicate acts. The specific factual basis for these allegations, however, is the same used to support their wrongful foreclosure claim. Therefore, because none of the underlying conduct was unlawful, the RICO claim was also properly dismissed.

Appellants also failed to state an IIED claim. In Georgia, an IIED claim requires (1) intentional or reckless conduct; (2) extreme and outrageous conduct; (3) a causal connection between the alleged conduct and the emotional distress; and (4) severe emotional injury. *Jarrard v. United Parcel Serv., Inc.*, 529 S.E. 2d 144, 146 (Ga. Ct. App. 2000). The complaint alleged bad faith and referenced the

5

same facts alleged to support the wrongful foreclosure claim.  Again, because the wrongful foreclosure claim failed, the IIED count was properly dismissed.  *See Racette v. Bank of Am., N.A.*, 733 S.E. 2d 457, 465 (Ga. Ct. App. 2012) ("[T]he . . . allegation that the appellees conducted the 2011 Foreclosure Sale despite knowing of inaccuracies in the published foreclosure advertisements cannot be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of decency." (internal quotation marks omitted)).

Finally, the FDCPA claim and the requests for attorney's fees, costs, and punitive damages were properly dismissed.  Appellants failed to allege any facts indicating that any of Appellees were debt collectors as defined in the FDCPA. *See* 15 U.S.C. § 1692a(6); *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1304 (11th Cir. 2012) (affirming grant of summary judgment where defendant did not meet § 1692a(6) definition of "debt collector").  Appellants also failed to allege facts supporting the requests for fees, costs, and punitive damages.

Accordingly, the district court properly granted the motion to dismiss.

## II.

We review the imposition of sanctions under Rule 11 for an abuse of discretion.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461 (1990).  In her appeal of the grant of the Pendergast Appellees' sanctions motion, Stephens-Johnson first argues that the Pendergast Appellees did not

comply with the notice requirement found in Rule 11(c)(2).  The district court, however, cited record evidence in finding that the Pendergast Appellees did comply with the notice requirement, and Stephens-Johnson gives us no reason to believe that that finding was clear error.  *See id.* at 400–01, 110 S. Ct. at 2458 (noting that appellate courts should review underlying factual issues for clear error when considering whether the imposition of sanctions was an abuse of discretion).

Stephens-Johnson next argues that it was improper to impose sanctions against her because another attorney initiated the wrongful foreclosure action, and Johnson took over as lead attorney only after removal to federal court.  However, in concluding that "Rule 11(b) properly applie[d] to the conduct of . . . Stephens-Johnson," the district court noted that, although she "did not file the original complaint in state court, . . . she has repeatedly advocated [Appellants'] complaint, as originally filed."  More specifically, Stephens-Johnson "had numerous opportunities to dismiss" the Pendergast Appellees, yet she refused to do so.  The fact that another attorney originally filed the action, then, does not defeat the imposition of sanctions.

The imposition of sanctions also has substantive support.  Rule 11 sanctions are warranted

> (1) when a party files a pleading that has no reasonable factual basis;
> (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a

reasonable argument to change existing law; [or] (3) when the party files a pleading in bad faith for an improper purpose.

*Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (internal quotation marks omitted).  The district court did not abuse its discretion in imposing sanctions based on all three of the above criteria.  First, as to the lack of factual basis, the complaint alleged no unlawful conduct on the part of the Pendergast Appellees.  Second, *You*, 743 S.E. 2d 428,[2] and the fact that the Pendergast Appellees were not in contractual privity with Appellants rendered the wrongful foreclosure claim against the Pendergast Appellees legally baseless.  Third, the district court observed that Stephens-Johnson failed to address why Hall and Pendergast were included as defendants, despite having multiple opportunities to do so, and the court noted that that failure was indicative of bad faith.  Thus, the imposition of sanctions was not an abuse of discretion.

### III.

The Pendergast Appellees move this court to grant further sanctions against Stephens-Johnson pursuant to Rule 38 of the Federal Rules of Appellate Procedure.  They argue that Stephens-Johnson's failure to comply with appellate deadlines and her false certification to this court regarding arranging payment to

---

[2] Stephens-Johnson argues that *You* cannot demonstrate a lack of a reasonable chance of success because it was decided after the complaint was filed and after the case was removed to the district court.  However, Rule 11 broadly applies to "pleading[s], written motion[s], or other written paper[s]," which includes Stephens-Johnson's response to the motion to dismiss, which was filed after *You* was decided.  *See* Fed. R. Civ. P. 11(b).  Accordingly, her failure to amend the complaint or account for *You* in her responses are grounds for sanctions.

8

the court reporter for the transcript of the district court proceedings warrant Rule 38 sanctions. The Pendergast Appellees also cite a complaint—alleging the same "nucleus of facts" as in the original complaint, which was dismissed, and naming the Pendergast Appellees as defendants—filed in state court, after the district court's dismissal, as evidence of Stephens-Johnson's resort to dilatory tactics in these proceedings generally. Stephens-Johnson responds that her delay has been nominal and has not prejudiced the Pendergast Appellees. She also points out that the complaint referenced in the Rule 38 motion was filed by a different attorney and that the briefing schedule does not issue until a transcript has been filed, but she fails to address the false certification. The Pendergast Appellees reply that their reference to the complaint, which was filed by an attorney who shares an address with Stephens-Johnson and who initiated this litigation, is not an independent basis for sanctions, only a demonstration of a pattern of unreasonable conduct and dilatory tactics.

Stephens-Johnson's conduct of this appeal, such as her failure to so much as even acknowledge record evidence squarely contradicting Appellants' factual assertions, certainly deserves reprimand.[3] However, we exercise the discretion

---

[3] First, as to the keystone of the complaint, the wrongful foreclosure claim, Stephens-Johnson merely rehashes arguments rejected by the district court or fails to address the district court's conclusions. *See Finch v. Hughes Aircraft Corp.*, 926 F.2d 1574, 1579 (Fed. Cir. 1991). In fact, that the district court imposed sanctions for those arguments when originally made further supports the case for imposing sanctions on Stephens-Johnson when she made them a second time. *See id.* Appellants also reassert conclusory "facts" that are clearly rebutted by the

afforded us by Rule 38 in declining the invitation to impose sanctions on Stephens-Johnson.  *See Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 7, 107 S. Ct. 967, 970 (1987) ("Rule 38 affords a court of appeals plenary discretion to assess 'just damages' . . . ."); *Waters v. Comm'r*, 764 F.2d 1389, 1389 n.2 (11th Cir. 1985) (per curiam) (noting our "ample discretion to award attorney's fees under Rule 38").

   **AFFIRMED.**

---

record, as noted by the district court.  *See id.*; *Cramer v. Florida*, 117 F.3d 1258, 1265 (11th Cir. 1997) (awarding sanctions for allegations that were "nothing more than bald conclusions).  Stephens-Johnson's additional misconduct—failure to meet deadlines and her false certification—corroborate that the appeal was frivolous as argued.  *See Romala Corp. v. United States*, 927 F.2d 1219, 1222 (Fed. Cir. 1991).

   Because the district court imposed sanctions against Stephens-Johnson pursuant to Rule 11, we could conclude that her continued pursuit of the same claims, without telling us why the district court was incorrect in dismissing Appellants' keystone claim of wrongful foreclosure in the first place and in spite of clear record evidence contradicting the brief's factual assertions, warrants sanctions equal to the Pendergast Appellees' attorney's fees and double costs in defending the appeal.  *See Taiyo Corp. v. Sheraton Savannah Corp.*, 49 F.3d 1514, 1515 (11th Cir. 1995) (per curiam) (awarding attorney's fees and double costs where the complaint was dismissed and Rule 11 sanctions imposed in the district court).